Commonwealth *v.* Pearson, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Albert John Snite, Jr.,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Michael Henry, David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This appeal is from a denial of a petition for post-conviction relief without an evidentiary hearing.

On May 7, 1965, the appellant Oscar Pearson was convicted on eleven bills of indictment each charging him with aggravated robbery. Although sentence was suspended on three of the bills, appellant received consecutive sentences of five to ten years on the remaining eight bills. Appellant appealed to this Court and we affirmed the judgments of sentence. The Supreme Court of Pennsylvania granted allocatur and subsequently reversed the judgments and ordered a new trial. *Commonwealth v. Pearson,* 427 Pa. 45, 233 A. 2d 552 (1967). A retrial resulted in convictions on only five of the original bills of indictment, on which appellant received prison terms of two to four years consecutively. Appellant's appeal to our Court was once again affirmed per curiam. Our Supreme Court granted allocatur.

In a 4-3 decision,[1] the Supreme Court rejected appellant's argument that he was denied his right to a speedy trial. The Court pointed out that the appellant had failed to demonstrate any prejudice from the delay. Appellant relied on the fact that the length of the delay

---

[1] *Commonwealth v. Pearson,* 450 Pa. 467, 303 A. 2d 481 (1973).

was sufficient to establish a violation of his constitutional rights in light of the Court's opinion in *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A. 2d 127 (1972).

In *Hamilton,* our Supreme Court declared that it would ask that the Criminal Procedural Rules Committee fashion a new Rule setting a time limit in which cases could be brought to trial, the violation of which would result in an immediate dismissal if the delay were not caused by the defendant himself.[2] Recognizing that the new Rule was more a matter of procedural necessity for fairness, rather than a constitutional mandate, the Court held that a *per se* violation of the time limitations would be held to exist only in cases coming to trial after its decision in *Hamilton.*

Although appellant's appeal was filed after *Hamilton,* the Court, as it has in a series of cases following *Hamilton,* held that a showing of prejudice was a requirement to a dismissal of a criminal indictment in all cases tried before its decision. See, e.g., *Commonwealth v. Jones,* 450 Pa. 442, 299 A. 2d 288 (1973). Relying on *Barker v. Wingo,* 407 U.S. 514 (1972), the Court held that all such earlier cases would require a

---

[2] Pa. R. Crim. P. 1100 now provides, in part:

"(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

"(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

\* \* \*

"(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. . . ." Adopted June 8, 1973, effective prospectively as set forth in paragraphs (a)(1) and (a)(2) of this rule.

case-by-case "analysis of the circumstances and a consideration of the rights of society, as well as those of the accused, to be protected from undue and oppressive pretrial incarceration." 450 Pa. at 472.

The Pennsylvania Supreme Court, therefore, affirmed appellant's convictions on the basis of his failure to demonstrate any prejudice from the delay, but reversed the conviction on Bill 774 because the increase in sentence on retrial (from suspended sentence to term of imprisonment of two to four years) was constitutionally impermissible. 450 Pa. at 475.

On June 18, 1973, appellant filed a post-conviction petition alleging that a decision of the United States Supreme Court had recognized a broader right of the accused in protection under the Sixth Amendment's guarantee of a speedy trial. *Strunk v. United States,* 412 U.S. 434, 93 S. Ct. 2260 (1973). *Strunk,* appellant submits, enunciates the proposition that prejudice results from the delay itself and the defendant need not show independent prejudice resulting from the unlawful delay. Such a holding, appellant argues, overrules previous cases in Pennsylvania requiring the defendant to assume such a burden of proof, and therefore, a new constitutional standard has been recognized and must be given retrospective application.

We agree that if *Strunk* actually declared a stronger constitutional protection for the accused under the Sixth Amendment, appellant may obtain relief under the Post Conviction Hearing Act, despite having raised and litigated this same issue throughout the previous legal proceedings up to this Commonwealth's Supreme Court. 19 P.S. §1180-3(c)(12) provides a petitioner a basis for relief:

"The abridgement in any other way of any right guaranteed by the constitution or laws of the United States, including a right that was not recognized as existing at the time of trial if the constitution requires

retrospective application of that right." The law of Pennsylvania is clear that even though direct appeals have been exhausted, "an issue is not finally litigated for the purposes of the Post Conviction Hearing Act if there has been a change of law that applies to the date of defendant's conviction. *Commonwealth v. Cornitcher,* 447 Pa. 539, 544-45 n. 5, 291 A. 2d 521, 524 n. 5 (1972) . . ." *Commonwealth v. Smith,* 449 Pa. 309, 314, 297 A. 2d 810 (1972).

We have reviewed the *Strunk* case and do not find any clear expression by the Supreme Court of the United States that removes or shifts the burden of proof with respect to the requirement of showing prejudice from the delay. The sole issue before the Court in *Strunk* was whether the Court of Appeals erred in the remedy it chose to apply to a denial of this constitutional right to a speedy trial. In the District Court, appellant had been unsuccessful in his argument that he had been denied his right to a speedy trial. The Court of Appeals disagreed, and remanded the case "to reduce petitioner's sentence to the extent of the 259 days in order to compensate for the unnecessary delay which had occurred between return of the indictment and petitioner's arraignment." *Strunk,* supra at 2261. The Supreme Court held that this had been an inappropriate remedy, saying that if there has been a violation of petitioner's right to a speedy trial, "dismissal [of the indictment] must remain, as Barker noted, 'the only possible remedy.' " 93 S. Ct. at 2263.

At no time did the Supreme Court state that a new standard was to be applied in such cases. While noting that, in the court below, "petitioner neither showed nor claimed that the preparation of his defense was prejudiced by reason of the delay . . ." (93 S. Ct. at 2262), the Court refused to consider the merits of petitioner's challenge on the constitutional grounds, stating that "in the absence of a cross-petition for certio-

rari, questioning the holding that petitioner was denied a speedy trial, the only question properly before us for review is the propriety of the remedy fashioned by the Court of Appeals." 93 S. Ct. at 2262. As such, this Court is not prepared to say that *Strunk's* implied holding is an acceptance of reversals upon a showing of the delay alone. Since the Government had not challenged the Court of Appeals' ruling, the Supreme Court chose not to decide the question.

We do not believe that there has been any change in the substantive law on the issue of the constitutional right to a speedy trial. *Barker v. Wingo,* supra, remains the express law of this Land, and that decision states at 407 U.S. 530: "A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and *prejudice to the defendant."* (Emphasis added). Applying the test in *Barker,* our Supreme Court determined that the appellant in the instant matter had failed to establish such prejudice resulting from the delay. The lower court correctly dismissed appellant's petition without an evidentiary hearing, holding that the matter had been finally litigated since "[t]he Supreme Court of the Commonwealth of Pennsylvania ha[d] ruled on the merits of the issue." 19 P.S. §1180-4(a)(3).

Order affirmed.