Commonwealth *v.* Robinson, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph A. McNeal,* for appellant.

*Stephen Levin, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., March 29, 1976:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Philadelphia County, by the defendant-appellant, Payton Robinson, after conviction in a jury trial of possession of a prohibited offensive weapon and from the denial of post trial motions.

Appellant was charged with weapons offenses and several other charges on January 21, 1974. He had been observed by two Philadelphia policemen on January 20, 1974. The defendant was walking along a street carrying a brown paper bag. As the officers approached the defendant, he began to run. As they pulled alongside him in their patrol car he slowed down to a trot. At this time the police noticed that the defendant now had the bag wrapped tightly around the object inside the bag in such

a manner that they could clearly see the shape of a handgun. The defendant was stopped and the officers' investigation confirmed that he had a loaded pistol in the bag. The defendant was arrested. A more extensive investigation revealed that the pistol carried by the defendant had been used in an armed robbery on January 5, 1974.

The defendant was subsequently tried on charges of armed robbery and the weapons offenses on October 29 and October 30, 1974. He was convicted only of the weapons offenses. On December 5, 1974 defendant's post trial motions were denied and he was sentenced to 2½ to five years imprisonment.

The defendant raises four issues on appeal. First he claims that the evidence relating to the pistol should have been suppressed because the arresting officer had no probable cause to arrest the defendant. However, the officer's testimony established that a clear outline of the gun could be seen by him. The officer saw the defendant running down a street late at night with a gun concealed in a bag. Under the circumstances there was sufficient cause for the officer to stop and question the defendant and to search him for his own protection. *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed.2d 889 (1968). The issue of whether the officer could see the outline of a gun through the bag was one of credibility which the court determined in the policeman's favor. Therefore, this issue does not warrant a reversal.

Appellant also claims the court below erred when it sustained the Commonwealth's objection to a question directed to the arresting officer by the appellant. The appellant attempted to ask the officer whether he had received notice of a felony having been committed in the area prior to the arrest of the appellant. The court sustained the prosecutor's objection to the question. The purpose of the question was to attempt to determine whether probable cause existed for the stopping and frisking of the defendant. However, since the officer had

probable cause to question the defendant independently of whether the officer had knowledge of any felony in the area, the sustaining of the objection was at most harmless error and would not be grounds for reversal of the conviction.

Appellant's next allegation of error is that the suppression judge committed reversible error when he failed to submit a statement of findings of fact and conclusions of law after the suppression hearing in violation of Rule 323 (i) of the Pennsylvania Rules of Criminal Procedure. However, the defendant did not raise the issue in his post trial motion and therefore it is waived. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

The appellant's final contention is that the court below erred in not granting his petition to dismiss the charges pursuant to Rule 1100 of the Pa. R. Crim. P. since the appellant was arrested on January 20, 1974, the criminal complaint against him was filed on January 21, 1974 and his trial begun on October 29, 1974. The 270-day period, then in effect, in which to bring the case to trial expired on October 18, 1974. Therefore, the appellant's trial was begun 11 days after the 270-day period had expired. However, the appellant himself filed a motion for dismissal pursuant to Rule 1100 on October 16, 1974 which was 2 days before the 270-day period expired. At this time appellant's attorney expressed his desire to stay all proceedings until his petition had been disposed of. Had a hearing on the petition been held on the date it was filed, i.e., October 16, 1974, it obviously would have been denied for the 270-day period had not yet expired. It would be improper to permit defendant to file a petition to dismiss pursuant to Rule 1100 on the 268th or 269th day of the 270-day period, have a hearing on the petition at that time, have the trial court dismiss the defendant's petition because the period had not expired, and then have the defendant come back later and claim that he should be discharged because his trial on the merits of the case did

not begin until after the petition was dismissed which was after the 270-day period.

In the instant case the actual hearing on appellant's petition did not take place until October 22, 1974. However, defendant's attorney's statement at the suppression hearing that he objected to any proceedings prior to the ruling on his Rule 1100 petition effectively stayed the commencement of the trial. Had the defendant not filed his petition until after the 270-day period expired, he could certainly be absolved from any delays in the commencement of the case since any such delay at that time would not have affected the original 270-day period. By filing the petition early, he effectively extended the time period in which the case could be commenced. For this reason and the fact that the trial of the defendant commenced so soon after the petition was disposed of, we hold that defendant's right to be tried within 270 days of a complaint being filed against him was not violated.

Judgment of sentence affirmed.

––––––––

CONCURRING OPINION BY PRICE, J.:

Although I agree with the majority that the judgment of sentence should be affirmed in this case, I disagree with the rationale employed by the majority in reaching this conclusion. It is clear that the appellant violated Rule 1100 by filing his petition to dismiss on October 16, 1974, prior to the expiration of the prescribed 270 day period. Certainly, the appellant should not benefit in any way from his improper action. Thus, any period of delay directly resulting from the appellant's improper action should be excluded from the computation of the 270 day period. Here, the appellant should be held responsible for the period of delay between the filing of the petition to dismiss on October 16, 1974, and the disposition of that petition by the lower court on October 22, 1974. The majority, however, additionally charges the appellant

with the period of delay between the disposition of the petition on October 22, 1974, and the commencement of trial on October 29, 1974. I believe that the Commonwealth, and not the appellant, should be held responsible for this seven day period.

The appellant, in this case, filed his petition to dismiss two days before the expiration of the prescribed time period on October 18, 1974. Because the running of the 270 day period was tolled until October 22, 1974, the time for the commencement of trial was extended until October 24, 1974. Nevertheless, trial did not begin until five days later. At any time during this five day span the appellant could have properly petitioned the lower court to dismiss the charges against him because of the violation of his right to a speedy trial as prescribed by Rule 1100. However, the appellant failed to file such a petition during this period. Because the appellant did not petition the court below to dismiss the charges before trial commenced, and at a time when the prescribed period had expired, as required by Section (f) of Rule 1100, I believe that the appellant is now barred from claiming relief under Rule 1100. I would therefore affirm the judgment of sentence.

VAN DER VOORT, J., joins in this concurring opinion.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant, charged in a criminal complaint issued on January 21, 1974, was not tried until October 29, and October 30, 1974. He contends that he is, therefore, entitled to discharge under Pennsylvania Rule of Criminal Procedure 1100, 19 P.S. Appendix.

On January 20, 1974, two Philadelphia police officers observed the appellant walking west on Allegheny Avenue in Philadelphia. He was carrying a brown paper bag that looked like a lunch bag. As the officers approached Broad Street in their patrol car, they made a U-turn and proceeded west along Allegheny Avenue. Appellant began

to run; then, as the officers pulled abreast to appellant, he slowed down to a trot. The officers noticed that appellant now had the bag wrapped tightly around whatever was in the bag and that "it showed the clear shape of a handgun." The police stopped appellant; their investigation confirmed that the bag concealed a loaded .38 caliber six-shot revolver. Appellant was arrested and transported to the Northwest Detective Division. Subsequently, the police discovered that the .38 revolver had been used in a January 5, 1974 armed robbery.

On January 21, 1974, a criminal complaint was issued against appellant. Thereafter, on February 13, 1974, he was indicted for armed robbery and related offenses arising out of the January 5 incident, and for weapons violations arising out of the January 20 arrest. On April 9, 1974, appellant filed a motion to suppress the physical evidence. Despite attempts to try the case, no further proceedings took place until October 16, 1974, when appellant filed a motion to dismiss pursuant to Rule 1100. Subsequently, on October 22, 1974, the motion to suppress was heard and held under advisement by Judge PORTER. The motion to dismiss, however, was heard on the same day by Judge GREENBERG. Both motions were denied. On October 29, and October 30, 1974, the appellant was tried by a jury, Judge PORTER presiding. Appellant was acquitted on the bills charging him with robbery and the related offenses, but was found guilty of the January 20 weapons offenses. On November 1, 1974, appellant filed motions in arrest of judgment and for a new trial. On December 5, 1974, the motions were denied and appellant was sentenced to a term of imprisonment of two and one-half to five years. This appeal followed.

The appellant raises four contentions. Because I believe that appellant should have been discharged under Rule 1100, I would not reach the remaining issues.

Initially, the Commonwealth contends that appellant has waived his Rule 1100 claim because he did not pursue the argument in post-trial motions.

The law is clear that an appellant must present an issue in post-trial motions in order to preserve the claim for purposes of appeal. Rule 1123 (a)[1] provides, inter alia, that "[w]ithin seven (7) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial. . . ." The Supreme Court has recently criticized trial counsels' circumvention of Rule 1123: "Although counsel apparently made . . . specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, rule 1123 (a), 19 P.S. Appendix, requires written post-trial motions.

"The practice in some judicial districts of ignoring the requirements of Rule 1123 (a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts." *Commonwealth v. Blair*, 460 Pa. 31, 33, n.1, 331 A. 2d 213, 214, n. 1 (1975). See also, *Commonwealth v. Reid*, 458 Pa. 357, 326 A. 2d 267 (1974); *Commonwealth v. Watlington*, 452 Pa. 524, 306 A. 2d 892 (1973); *Commonwealth v. Agie*, 449 Pa. 187, 296 A. 2d 741 (1972).[2]

The function of post-trial motions is to permit the lower court to correct trial errors, thereby assuring the "swift and orderly administration of criminal justice. . . ." *Commonwealth v. Reid*, supra at 358, 326 A. 2d at 267-68.

---

1. Pa. R. Crim. P. 1123, 19 P.S. Appendix.

2. But see, *Commonwealth v. Irwin*, 460 Pa. 296, 299, n. 3, 333 A. 2d 735, 737, n. 3 (1975) : "The Commonwealth submits this assignment of error was not preserved in the trial court for appellate review, because it was not specifically asserted in the post trial motions, as required by the Pennsylvania Rules of Criminal Procedure. However, the opinion of the court en banc denying the motion for a new trial discussed this assignment of error evidencing it was raised before the trial court. We will, therefore, consider it as properly before us, but, at the same time, we urge the courts and counsel to adhere to Rule 1123, Pa.R.Crim.P., 19 P.S. Appendix. . . ."

Failure to preserve the issue properly results in a waiver. The waiver doctrine prohibits a litigant who sits on his rights from raising the issue on appeal. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A. 2d 272 (1974). At the same time, prior to finding a waiver of a constitutional right, a court must find that the accused has made a deliberate and knowing bypass of that right. *Commonwealth v. Coleman*, 458 Pa. 324, 327 A. 2d 77 (1974).

In the instant case, the appellant filed the following reasons in support of his post-trial motions:

"1.   The verdict is contrary to the evidence.

"2.   The verdict is contrary to the weight of the evidence.

"3.   The verdict is contrary to the law.

"4.   The trial of the case was not commenced within the 270 day period required by the Pennsylvania Rules of Criminal Procedure, #1100 (a) (1)."

Despite the explicit inclusion of appellant's Rule 1100 claim in his post-trial motions, the Commonwealth nonetheless contends that the issue was waived. It is true that Judge PORTER did not consider appellant's fourth ground for relief. In a supplemental opinion, Judge PORTER stated: "I have been requested to write a supplemental opinion as to the denial of [appellant's] Motion for Dismissal under Pa. R. Crim. P. 1100. That matter was heard and disposed of before Honorable Stanley M. GREENBERG on October 22, 1974. (See N.T. 9-21, October 22, 1974).

"Judge Greenberg is the Judge of our Court designated to hear and dispose of such motions.

"Because appellant merely presented post-trial motions pro forma and without brief or argument, this issue never really came before me.

"Therefore, upon this appeal it appears to me that the Superior Court should consider the Rule 1100 issue on the basis of the reasons expressed by Judge Greenberg, supra."

Thus, appellant presented his Rule 1100 claim in writing, thereby conforming with Rule 1123, governing post-trial motions. He conformed with all the requirements of the rule——he raised the issue both at the pre- and post-trial phase of the proceedings; apparently, both counsel and the court treated the issue as preserved for appeal. The trial judge did not consider the issue, although properly before him, because he believed that Judge GREENBERG had disposed of the issue. Under such circumstances, it is illogical and unfair to suggest that appellant waived his Rule 1100 claim.

Thus, this Court must reach the substance of appellant's claim that he was not tried within 270 days of the issuance of the criminal complaint, thereby requiring his discharge. Rule 1100(a)(1) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed." There is no dispute over the computation of the relevant number of days; nor does the Commonwealth argue that the delay was caused by the appellant. The only explanation of the delay appearing of record is a notation by Judge GREENBERG after he heard the motion to dismiss: "Petition under Rule #1100 was denied. New expiration date—11-13-74—(For 270 day Rule). Reason 6-18-74 & 7-15-74 *no court room was available.*" (Emphasis added). Thus, the issue is whether an administrative backlog justifies a delay beyond the allotted time period.

In *Commonwealth v. Hamilton*, 449 Pa. 297, 308-309, 297 A.2d 127, 133 (1972), the Supreme Court announced that "in order to more effectively protect the right of criminal defendants to a speedy trial and also to help eliminate the backlog in criminal cases in the courts of Pennsylvania we deem it expedient to formulate a rule of criminal procedure fixing a maximum time limit in which individuals accused of crime shall be brought to trial, in the future, in this Commonwealth." The Supreme

Court subsequently promulgated Rule 1100 "setting a time limit in which cases could be brought to trial, *the violation of which would result in an immediate dismissal if the delay were not caused by the defendant himself."* *Commonwealth v. Pearson,* 230 Pa. Superior Ct. 304, 307, 327 A. 2d 167, 168 (1974) (Emphasis added).

Rule 1100 (c) provides for extensions of time: "[a]t any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time from commencement of trial." The rule provides no exception that would allow the courts to delay a trial for reasons of its inefficiency or inconvenience. The only alleged basis for the extension of time in the instant case is the unavailability of a court room. Such an occurrence may provide the appellant with a windfall discharge; but that was the very result contemplated by the Supreme Court. Under Rule 1100, it is the responsibility of those who administer the court system to guarantee that criminal trials take place within the proscribed time periods.[3] Rule 1100 (f) makes clear that the proper remedy is to discharge the appellant: "Any order granting such application shall dismiss the charges with prejudice and discharge the defendant." Cf., *Commonwealth v. Cutillo,* 235 Pa. Superior Ct. 131, 339 A.2d 123 (1975).

Therefore, I would reverse and order appellant discharged.

CERCONE and SPAETH, JJ., join in this dissenting opinion.

---

3. Cf., *Commonwealth v. Hamilton,* supra at 308, 297 A. 2d at 132-33: "An alternative to a balancing test is a stated time period within which accused persons must be either brought to trial or released from any threat of prosecution. The theory behind this type of rule is that it eliminates the inherent vagueness encompassed in any balancing process and it avoids the necessity of a court determining a violation of this constitutional right on a case-by-case basis. *It is also felt that a mandatory time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars."* (Emphasis added.)