393 A.2d 767

**COMMONWEALTH of Pennsylvania**

v.

**Richard MITCHUM, a/k/a Richard Mitchell, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1977.

Decided Oct. 20, 1978.

162

Clarease E. Mitchell, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On this appeal from judgments of sentence for various crimes,[1] appellant argues that he was not tried within 90 days after he appealed a guilty verdict from the Municipal Court of Philadelphia, as required by Pa.R.Crim.P. 6013(g).[2]

Appellant was tried twice in Municipal Court. The first trial ended in a mistrial. At the second trial, on November 15, 1974, appellant was found guilty. He appealed to the Court of Common Pleas on November 19, 1974. Thus the Commonwealth was obliged to try him again by February 17, 1975.

Trial was scheduled for January 14, 1975, but was continued to February 10, at appellant's request because there were no notes of testimony from the two Municipal Court trials. On February 10 and February 13, trial was continued because there was no jury room available.

On February 14, three days before the 90-day period was to expire, appellant filed a "petition to dismiss the indictments" on the basis of double jeopardy and Rule 6013(g). Thereupon the case was continued until February 18 "for

1. Reckless endangerment, The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. § 2705; possession of instruments of crime, id., 18 Pa.C.S.A. § 907; carrying a firearm on a public street, id., 18 Pa.C.S.A. § 6106; aggravated assault, id., 18 Pa.C.S.A. § 2702.

2. Rule 6013(g) provides:

   A trial de novo in the Court of Common Pleas shall commence within a period of ninety (90) days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 1100 shall apply to such trials in the Court of Common Pleas.

motions and trial." On February 18, however, appellant was not brought down from the state correctional institution, and the case was continued to February 19. On February 19, at appellant's request, the case was continued to March 17, but on March 17 appellant again was not brought down for trial.

On March 31 the case was transferred to a different court room. There, after discussion of appellant's petition to dismiss, the presiding judge continued the case with instructions to defense counsel to ask the judge in the first, aborted, Municipal Court trial for an opinion on the double jeopardy question, and to become more familiar with his file on the Rule 6013(g) question.

On April 14 the case was continued for reasons not evident in the record. On May 21, June 9, and June 11 appellant was not brought down for trial. On June 11 the case was returned to the calendar room, and from there was sent to Judge BONAVITACOLA, who heard appellant's Rule 6013(g) motion on June 18. On June 21 he denied the motion.

On June 23 appellant was tried before Judge RIBNER, and was found guilty. Judge RIBNER denied appellant's post-verdict motions, and this appeal followed.

The 90 day period specified by Rule 6013(g) is computed by the same method as is the 180 day period specified by Rule 1100.[3] In *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976), the Supreme Court explained this method as follows:

> Rule 1100 mandates the commencement of trial within a specifically defined period of time. It provides for two exclusions from the computation of the mandatory period. Pa.R.Crim.P. 1100(d). Whether or not circumstances exist in any given case which warrant excluding certain periods of time pursuant to section (d) is to be determined when an accused applies for dismissal of the charges because of

3. See footnote 2, *supra.*

an alleged violation of the Rule pursuant to section (f). *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872, 875 n. 9 (1976). Further, the Rule provides for extensions of the mandatory period where despite due diligence by the Commonwealth trial cannot be commenced within the mandatory period provided by the Rule or set forth in an order granting extension. Pa.R.Crim.P. 1100(c).

469 Pa. at 13, 364 A.2d at 696–97 (footnote omitted). In addition, the Court said, a petition for an extension under Rule 1100(c) "*must be filed* prior to the expiration of the mandatory period. . . . " 469 Pa. at 15, 364 A.2d at 697 (emphasis in original).

In applying this method of computation to the facts of the present case, two points must be noted: First, neither of the continuances requested by appellant (January 14 to February 11, and February 19 to March 17) may be excluded under Rule 1100(d)(2), because neither was for more than 30 days. *Commonwealth v. Shields,* 247 Pa.Super. 74, 371 A.2d 1333 (1977). And second, since it is undisputed that appellant was always available, no time may be excluded under Rule 1100(d). Consequently, the mandatory period expired on February 17, unless, before February 17, the Commonwealth filed a petition under Rule 1100(c) to extend the period. Here, the Commonwealth did not file such a petition. It would therefore appear that *Shelton* compels the conclusion that appellant's motion under Rule 6013(g) should have been granted.

The Commonwealth argues, however, that *Commonwealth v. Robinson,* 238 Pa.Super. 508, 362 A.2d 1005 (1976), leads to a different result. There, the facts were as follows. The mandatory period was to expire on October 18. Defense counsel filed a petition to dismiss two days early, on October 16, and got a stay of proceedings until the petition was disposed of. The petition was heard and denied on October 22, and trial began October 30. On these facts, four members of this court agreed that the mandatory period was

tolled from October 16, when the petition was filed, until October 22, when it was disposed of.[4]

It is apparent that *Robinson* does not assist the Commonwealth. The reason for the decision in *Robinson* was that otherwise, a defendant who got a stay of proceedings on an early petition could, by virtue of the stay, prevent the Commonwealth from filing a petition under Rule 1100(c) to extend the mandatory period, and then, if his petition to dismiss was denied after the mandatory period had expired, successfully argue that the Commonwealth could not try him because the mandatory period had not been extended. In other words, the defendant would be enabled to benefit from the Commonwealth's failure to act—file a Rule 1100(c) petition—when the defendant had himself compelled that failure. Here, appellant has not attempted such a maneuver, for while his motion under Rule 6013(g) was filed early, he never requested, and did not get, any stay of proceedings until the motion was disposed of. Thus the Commonwealth was always free to file, and under *Shelton* was obliged to file, a petition under Rule 1100(c) for an extension.

We have considered the possible argument that appellant's motion was a nullity because it was filed three days early. If the Commonwealth had made this argument to Judge BONAVITACOLA on June 18, when the motion was argued, we might hold now that it had merit; at least we would consider whether it did. (The argument might go something like this: When appellant's motion was filed, it was early. Therefore, if it had been heard at once, it would have been

---

**4.** The four judges were divided on the question of what to do with the period from October 22 until October 30, when the trial began. Judge WATKINS, then President Judge, joined by Judge JACOBS, now President Judge, excluded this period from the mandatory period; Judge PRICE, joined by Judge VAN der VOORT, held that the Commonwealth was required to exercise due diligence to bring the defendant to trial during this time period, but decided that trial had been timely nonetheless.

Three judges, including the writer of this opinion, dissented, and would have resolved the case by holding that judicial delay could not justify the granting of an extension for the Commonwealth. Subsequently, however, in *Commonwealth v. Shelton, supra,* the Supreme Court held otherwise.

denied.  Therefore, it had no merit.  Therefore, it was a nullity.  Therefore, appellant did not meet the general requirement, *see Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978);  *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977), that to preserve a Rule 1100 claim, a defendant must file a motion to dismiss.)  However, the Commonwealth did not so argue to Judge BONAVITACO-LA, on June 18, but instead resisted appellant's motion on its merits.  On its merits, the motion should have been granted.

Judgments of sentence reversed, and appellant discharged.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.