416 A.2d 527

**COMMONWEALTH of Pennsylvania**

v.

**Payton Anthony ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Dec. 7, 1979.

Robert M. Ruzzi, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

WIEAND, Judge:

This appeal is from the denial of post conviction relief sought by appellant, Payton Anthony Robinson. It is a case in which trial counsel, even though providing appellant with a vigorous defense, is alleged to have been ineffective because he failed to anticipate an appellate court decision. Specifically, it is alleged that counsel was ineffective because (1) he filed a petition to dismiss under Pa.R.Crim.P. 1100(f) two days *before* the 270 day period for trial had expired, and (2) he failed to file an application to dismiss *after* the run date had passed.

Appellant was arrested on January 21, 1974 and charged the next day with robbery, conspiracy, and several weapons offenses. The provisions of Rule 1100(a)(1) dictated that

trial had to commence within 270 days thereafter, i. e., by October 18, 1974. Two days prior to the run date, appellant's case was assigned to a courtroom as a back-up for a case then in trial. In order to insure that appellant's application to dismiss under Rule 1100(f) would be filed "before trial," counsel filed it immediately. When the charges against appellant were called for trial on Monday, October 21, 1974, counsel informed the court of the application to dismiss and requested a stay of proceedings until it had been heard and decided. A hearing was held, and appellant's application was denied on October 22, 1974. At that time, the trial judge sua sponte extended the time for trial to November 13, 1974, citing the unavailability of courtrooms on two prior trial dates. Trial commenced on October 29, 1974, following a two-day suppression hearing. Following trial, appellant was convicted on the weapons charges. Post trial motions were denied on December 5, 1974, and appellant was sentenced to a term of imprisonment for not less than 2½ nor more than 5 years. The judgment of sentence was affirmed in *Commonwealth v. Robinson*, 238 Pa.Super. 508, 362 A.2d 1005 (1976). Subsequently, a P.C.H.A. petition was filed, alleging counsel's ineffectiveness. After argument and the submission of briefs, the petition was denied. This appeal followed.

The prior decision in this case is cited by appellant in support of his argument that counsel was ineffective for not filing a timely petition to dismiss. However, it was in that opinion that this court addressed for the first time the timeliness of an application to dismiss which had been filed prior to expiration of the prescribed period within which to commence trial. A majority of the Court held such an application to be premature and improper. *Commonwealth v. Robinson*, supra. Although the holding was based on an interpretation of Pa.R.Crim.P. 1100(f),[1] the only time requirement expressly contained in the rule was that an

---

1. The court was divided on the Rule 1100 issue. The opinion of the court, written by President Judge Watkins, held that the early filing of the petition and counsel's request for a stay effectively delayed commencement of the trial, and therefore, trial subsequent to the 270th day did not violate appellant's speedy trial rights, Judge Price,

application to dismiss be filed "at any time before trial."[2] Following the decision in *Robinson*, this Court has on three occasions referred to the same issue and in all three instances has suggested that a premature filing of an application to dismiss is improper. *Commonwealth v. Simpson*, 269 Pa.Super. 124, 409 A.2d 95 (1979); *Commonwealth v. Huertas*, 261 Pa.Super. 257, 396 A.2d 386, n.6 (1978); *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, n.8, 369 A.2d 1331, n.8 (1977).

When appellant's counsel filed the application to dismiss in the instant case he did not have the benefit of a decision holding it untimely and improper to file it before the time for trial had expired. The course which he chose must be examined under the standards existing at the time of his action. *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). See also: *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978); *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971); *Commonwealth v. Garrett*, 425 Pa. 594, 229 A.2d 922 (1967). Counsel will not be deemed ineffective for failing to predict future developments in the law. *Commonwealth v. Triplett*, 476 Pa. 83, 89, 381 A.2d 877, 881 (1977). Thus, he will not be held ineffective merely because he filed an application to dismiss before the run date had been reached.

Moreover, since counsel did raise the Rule 1100(f) issue in one application to dismiss, we will not hold him ineffective for failing to file a second application raising the same issue. The first application was considered and denied by the trial court on its merits. The timeliness of filing the application had not then been made an issue. Under these circumstances, a second application would have been redun-

joined by Judge Van der Voort, disagreed with the majority's analysis. He specifically stated that a premature filing was a nullity, and that failure to file another, i. e. timely, petition resulted in a waiver of appellant's Rule 1100 claim. Three judges dissented.

2. Section (f) of the rule reads, in pertinent part:

At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated.

dant. Certainly counsel cannot be held ineffective for failing to file such an unnecessary motion. See: *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Foley*, 269 Pa.Super. 71, 409 A.2d 68 (1979).

This case is readily distinguishable from *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977). The court there could "perceive no reasonable legal basis for an attorney to fail to object to a violation of his client's right to speedy trial under Pa.R.Crim.P. 1100." *Commonwealth v. Byrd*, supra, 250 Pa.Super. at 256, 378 A.2d at 924. Here, counsel did *not* fail to object. He did object. He filed an application to dismiss, requested a stay of trial, argued his position, and preserved the issue for appellate review. To hold an otherwise competent counsel ineffective for failing to anticipate an appellate court's interpretation of the rule which was not readily apparent from the rule itself is illogical and unfair.

Appellant has not raised and we do not consider the propriety of an extension order entered by a trial court without prior written application therefor by the Commonwealth.

The order dismissing appellant's P.C.H.A. petition is affirmed.