420 A.2d 523

**COMMONWEALTH of Pennsylvania,**

v.

**Russell FRAZIER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed May 16, 1980.

248

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, SUGERMAN and STRANAHAN, JJ.*

SPAETH, Judge:

Appellant was sentenced for criminal conspiracy,[1] robbery,[2] possession of an instrument of crime,[3] and recklessly endangering another person.[4] The issues on this appeal are

---

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, are sitting by designation.

1. 18 Pa.C.S.A. § 903 (Purdon's Supp.1979–80).

2. 18 Pa.C.S.A. § 3701 (Purdon's Supp.1979–80).

3. 18 Pa.C.S.A. § 907 (Purdon's Supp.1979–80).

4. 18 Pa.C.S.A. § 2705 (Purdon's Supp.1979–80).

whether the lower court should have discharged appellant on the basis of Pa.R.Crim.P. 1100, and whether appellant's trial counsel was ineffective.

On February 17, 1977, the complaint against appellant was filed. On April 14, he was arrested. On April 22, a preliminary hearing was conducted and appellant was held for trial. On May 10, appellant was arraigned. On May 27, appellant requested, and was granted, a continuance until June 15. On June 15, the Commonwealth requested, and was granted, a continuance until July 6. On July 6, the judge recused himself and the case was continued until July 13. On July 13, the case was listed in error and continued until August 25. On August 25, appellant's motion to suppress was heard, and appellant requested, and was granted, a continuance until September 21. On September 21, the Commonwealth and appellant jointly requested, and were granted, a continuance until October 6. On October 6, the court ordered a continuance until November 3 because of "Pre–trial motion outstanding." The record does not make clear what motion was outstanding, but appellant in his brief suggests that the motion was his motion to dismiss under Pa.R.Crim.P. 1100(f); this motion was marked as received in the prothonotary's office on October 7. On October 21, a hearing on the motion to dismiss was continued. No reason for the continuance appears of record. On November 3, the case was again continued because of "Pre–trial motion outstanding," and trial was scheduled for December 2. On November 4, the hearing on the motion to dismiss was continued until November 18 because there was "no file." Also on November 4, the Commonwealth filed a petition to extend under Pa.R. Crim.P. 1100(c). On November 18, a hearing on the motion to dismiss and the petition to extend was held. The motion to dismiss was denied and the petition to extend was granted, the trial date being extended to December 5. On December 2, the trial commenced.

Since the complaint was filed on February 17, Pa.R. Crim.P. 1100(a)(2) required that appellant be brought to trial within 180 days, or on or before August 16. Any delay after

that date "must be either excluded from computation of the 180 days under section (d) of Rule 1100 or be justified by an order granting an application by the Commonwealth for an extension of time pursuant to section (c)." *Commonwealth v. Lamonna*, 473 Pa. 248, 253, 373 A.2d 1355, 1357 (1977).

At the November 18 hearing, the lower court found that appellant had been unavailable from the date of the complaint until he was arrested, a total of 56 days. That made the run date October 11. The court also found that appellant had requested continuances on four occasions, the last request being on October 6, when the case was continued to November 3, and that the total delay from these continuances was 82 days. The court then subtracted 30 days from that total, making appellant unavailable for an additional 52 days. That made the run date December 1. Since the Commonwealth had filed its petition to extend on November 4, the court concluded that the Commonwealth's petition was timely.

 Appellant argues that the lower court erroneously calculated the delay attributable to appellant's requests for continuances. Appellant is correct. Under *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977), *aff'd*, 483 Pa. 524, 397 A.2d 790 (1979), when a court considers delay attributable to a defendant's requests for continuances, it is only to calculate the delay after the 30th day of each continuance. Here, since none of the continuances cited by the lower court exceeded 30 days, there was no delay attributable to them. However, at the November 18 hearing, appellant's trial counsel did not object to the court's calculation, notwithstanding the fact that *Shields* had been filed on March 31 of that year. Consequently, appellant has waived the *Shields* argument for the purposes of this appeal. *See Commonwealth v. Harrison*, 262 Pa.Super. 236, 396 A.2d 732 (1978). *See generally Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

■ Anticipating this conclusion, appellant argues that counsel's failure to make the *Shields* argument demonstrates that trial counsel was ineffective.[5] Both appellant's trial counsel and appellate counsel were public defenders. While this court will entertain a claim of ineffectiveness of counsel where the defendant has been represented at all times by members of the same public defender's office if reversible error is apparent on the record, we will not reject such a claim without the appointment of new counsel who is unassociated with the public defender's office. *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). In *Commonwealth v. McNeal*, 261 Pa.Super. 332, 396 A.2d 424 (1978) (plurality opinion), a public defender acting as appellate counsel suggested that another public defender from the same office who had been trial counsel was ineffective for not raising a Pa.R.Crim.P. 1100 claim. There, we said:

Whether there is such reversible error here involves the same considerations as are involved in the resolution of the question on the merits: whether appellant's counsel below were ineffective on the face of the record.

261 Pa.Super. at 337, 396 A.2d at 426.

■ To determine whether counsel is ineffective, we must first determine whether the claim not raised had arguable merit. If the claim did have arguable merit, we must next determine whether counsel nonetheless had a reasonable basis for not raising it. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

5. Appellant also argues that trial counsel was ineffective because she did not object to the Commonwealth's form petition for extension and its lack of proof of its "due diligence" in bringing appellant to trial. The use of a form petition for extension does not necessarily defeat the Commonwealth's claim for an extension, where it proves its "due diligence" at the hearing on the petition. *See Commonwealth v. Cimaszewski*, 261 Pa.Super. 39, 395 A.2d 931 (1978). Here, it is not clear whether the Commonwealth acted with "due diligence" in bringing appellant to trial. Whether it did should be considered on remand.

■ Here, the claim not raised obviously had arguable merit. *Commonwealth v. Shields, supra.* It is not clear, however, that counsel's failure to raise it was without a reasonable basis, for the ·Commonwealth may have had a valid alternate theory, under which, despite *Shields*, its petition to extend was timely filed on November 4. *See Commonwealth v. Crowley*, 259 Pa.Super. 204, 393 A.2d 789 (1978).

The lower court's opinion suggests one such possible alternate theory. The court states that the mandatory period was tolled between October 6 and November 18, *citing Commonwealth v. Robinson*, 238 Pa.Super. 508, 362 A.2d 1005 (1976). In that case, a defendant had filed a motion to dismiss two days before the mandatory period was to expire and got a stay of proceedings until the court disposed of the motion. The hearing on the motion was after the mandatory period had expired. We decided that the period between the filing of the motion and its disposition was excludable from the mandatory period. In *Commonwealth v. Mitchum*, 259 Pa.Super. 161, 393 A.2d 767, 769 (1978), we explained this decision as follows:

> The reason for the decision in *Robinson* was that otherwise, a defendant who got a stay of proceedings on an early petition could, by virtue of the stay, prevent the Commonwealth from filing a petition under Rule 1100(c) to extend the mandatory period, and then, if his petition to dismiss was denied after the mandatory period had expired, successfully argue that the Commonwealth could not try him because the mandatory period had not been extended. In other words, the defendant would be enabled to benefit from the Commonwealth's failure to act—file a Rule 1100(c) petition—when the defendant had himself compelled that failure.

Here, unlike the motion in *Robinson*, appellant's motion to dismiss may not have been early; whether it was would depend on the outcome of the motion itself. Assuming,

however, that the motion was early because it was received by the prothonotary on October 7 and the run date was October 11 (appellant concedes on appeal that he was unavailable for fifty–six days), still *Robinson* is not in point because appellant, unlike the defendant in *Robinson*, did not get a stay of proceedings. The Commonwealth was therefore free to file its petition to extend before October 11, thereby insuring that it would be timely filed.

The Commonwealth suggests a second possible alternate theory, namely, that its petition to extend was timely filed because appellant acquiesced in the several continuances that occurred because of the delays in hearing his motion to dismiss.

It has been held that where a defendant agrees to a trial date beyond the mandatory period, the trial will not be held untimely. *Commonwealth v. Ferebee*, 259 Pa.Super. 234, 393 A.2d 804 (1978); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975). *Cf. Commonwealth v. Connor*, 258 Pa.Super. 246, 392 A.2d 776 (1978) (where defendant requests continuance five days before run date and then accepts new trial date beyond run date, any Rule 1100 violation occasioned by delay held waived). It has also been held, however, that a defendant who simply remains silent when a court continues a case beyond the run date does not consent to the post–mandatory period delay. *Commonwealth v. Brown*, 264 Pa.Super. 127, 399 A.2d 699 (1979), *allocatur granted*, June 15, 1979; *Commonwealth v. Garnett*, 258 Pa.Super. 115, 392 A.2d 711 (1978); *Commonwealth v. Lovera*, 248 Pa.Super. 439, 375 A.2d 178 (1977). Where it is not clear whether a defendant accepted or simply remained silent and witnessed the granting of a continuance beyond the run date, we have remanded to the lower court for an evidentiary hearing. *See e. g., Commonwealth v. Percy Favors*, 273 Pa.Cmwlth. 109, 416 A.2d 1113 (1979).

Thus the critical issue is what was appellant's attitude toward the October 6 and November 3 continuances. With

respect to the October 6 continuance, it may well be that
appellant at least consented to if he did not request it,
because it was granted in response to or in anticipation of
his motion to dismiss.[6] Still, we cannot say that the record
is clear enough to enable us to find now that appellant
thereby did waive the post–mandatory period delay from
October 11 to November 3. Even if we were so to find, still
the Commonwealth's petition to extend would be untimely
filed on November 4 unless on November 3 appellant agreed
to the order scheduling the trial for December 2. Since the
record is not at all clear on this point, we must remand for
an evidentiary hearing. *See Commonwealth v. Twiggs*, 460
Pa. 105, 331 A.2d 440 (1975). At the hearing on remand,
appellant will be entitled to be represented by new counsel,
not a member of the Defender Association of Philadelphia.
The lower court should render a decision on trial counsel's
ineffectiveness, with findings on both the timeliness and
merits of the Commonwealth's petition.[7] Any party ag-
grieved by the lower court's order may then file a new
appeal to this court.

Case remanded for further proceedings consistent with
this opinion.

**6.** The Commonwealth might well have filed its petition to extend
sometime before October 11 in order to secure its position. The
apparent cause of the delay in hearing the motion to dismiss—the
fact that a judge other than the judge assigned to the case on
October 6 would have to hear the motion, Appellant's Brief at
15—would have been a justifiable basis for a petition to extend. *See
generally Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976);
*Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).
Even assuming that the Commonwealth had reason not to file a
petition to extend before October 11, it would have been wise to file
before the next continuance on November 3.

**7.** *See* note 6, *supra.*