449 A.2d 54
**COMMONWEALTH of Pennsylvania,**

v.

**Larry BRINTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1982.

Filed Aug. 6, 1982.

Petition for Allowance of Appeal
Denied Dec. 6, 1982.

16

Joseph B. Vanwyk, Media, for appellant.

Vram Nedurian, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

Appellant, Larry Brinton, was convicted on December 20, 1977, following a jury trial of rape,[1] involuntary deviate sexual intercourse,[2] corrupting the morals of a minor,[3] indecent assault,[4] simple assault,[5] criminal coercion,[6] and criminal conspiracy.[7] Appellant appealed the conviction to our court

1. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3101.

2. *Id.*; 18 Pa.C.S.A. § 3123.

3. *Id.*; 18 Pa.C.S.A. § 3125.

4. Act of 1974, May 18, P.L. 120, No. 53, § 1; 18 Pa.C.S.A. § 3126.

5. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 2701.

6. *Id.*; 18 Pa.C.S.A. § 2906.

7. *Id.*; 18 Pa.C.S.A. § 903.

and we affirmed.[8] Appellant then filed a petition for post-conviction relief pursuant to the Post Conviction Hearing Act[9] (hereafter "PCHA"). The PCHA hearing court denied appellant's petition for relief, and this appeal followed.

Appellant and two companions offered the rape victim a ride to her boyfriend's house. Instead, they took her to a house in Chester where they engaged in smoking a controlled substance. The victim then asked to be taken to her sister's house. The victim passed out and found herself lying on a bed. She was forcibly subjected to multiple sexual deviate acts by appellant and others. The victim went to a nearby house, and later related these incidents to the police.

Appellant has raised four issues on this appeal: (1) whether trial counsel was ineffective in the conduct of the Rule 1100 extension hearing because of failure to interview or call certain witnesses to rebut the Commonwealth's showing of due diligence; (2) whether trial counsel was ineffective for arguing lack of jurisdiction to the jury which resulted from trial counsel's failure to meet with appellant to discuss trial strategy; (3) whether trial and appellate counsel[10] were ineffective in failing to argue that the criminal informations filed against appellant were void because they were stamped with a facsimile of the District Attorney's signature; and (4) whether appellate counsel was ineffective for failing, on direct appeal, to allege the ineffectiveness of trial counsel.

The standard of our Court to be used in reviewing appellant's allegations of ineffective assistance of counsel has been set forth in *Commonwealth v. Crawford*, 285 Pa.Super. 169, 427 A.2d 166, 171 (1981):

> Our task in cases of this nature... encompasses an independent review of the record... and an examination of counsel's stewardship of the now challenged proceedings

**8.** *Commonwealth v. Brinton*, 275 Pa.Super. 304, 418 A.2d 734 (1980), allocatur refused June 18, 1980.

**9.** Pa.R.Crim.P., Rules 1501–1507.

**10.** Trial, appellate, and PCHA counsel are three different attorneys.

18

in light of the available alternatives... We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record... [t]he balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. (citations omitted).

■ Appellant's first contention is whether trial counsel was ineffective in the conduct of the Rule 1100 extension hearing because of his failure to interview or call certain witnesses to rebut the Commonwealth's showing of due diligence. Appellant alleges that if trial counsel had called certain witnesses, appellant's availability would have been established and the Commonwealth precluded from an extension of the one hundred and eighty day rule.

We do not review the validity of the Rule 1100 extension hearing, because our Court determined that issue in appellant's prior appeal: "the Commonwealth proved by a preponderance of the evidence that appellant's whereabouts were unknown and that due diligence was utilized." *Brinton*, 275 Pa.Super. at 308, 418 A.2d at 736. We must examine trial counsel's stewardship at this hearing, only for the allegation of ineffectiveness.

The failure of defense counsel to call a possible witness is not to be equated with a conclusion of ineffectiveness absent some positive demonstration that the testimony would have been helpful to the defense. *Commonwealth v. Rhodes*, 272 Pa.Super. 546, 554–5, 416 A.2d 1031, 1035 (1979).

Appellant testified at the PCHA hearing that he had given trial counsel the names of friends, his parole officer, and his psychiatrist all of whom knew that appellant was "around" prior to his arrest. At the PCHA hearing, trial counsel

testified that appellant did not supply him with the full names and addresses of his friends, and he felt that the friends would not be good witnesses. Trial counsel did not put appellant's parole officer on the witness stand at the Rule 1100 extension hearing because, on cross-examination of two police officers, he brought out that the police officers had never contacted the parole officer. Trial counsel did not interview appellant's psychiatrist, whom appellant had visited twice shortly before appellant's arrest on August 13, 1977, because he believed that the Commonwealth had the burden of proving the request for an extension. He did not believe that it was appellant's burden to prove his availability either through the testimony of the parole officer or the psychiatrist. We find trial counsel's decisions were reasonable at the time and within the limits of trial strategy.

■ Appellant's second contention is whether trial counsel was ineffective for arguing lack of jurisdiction to the jury which resulted from trial counsel's failure to meet with appellant to discuss trial strategy.

> Mere shortness of time spent conferring with a client does not constitute a basis for a finding of ineffectiveness on the part of counsel. *Commonwealth v. Weakland*, 273 Pa.Super. 361, 365, 417 A.2d 690, 692 (1979).

Trial counsel's visits to appellant in prison were recorded twice in the prison's visitor book, but there were times when he visited appellant and did not sign the book. During these visits, they discussed the facts of appellant's case and the defense of the rape victim's consent. Trial counsel pursued this defense in his cross-examination of the victim at trial.

Appellant does not question the jurisdiction of the trial court, but argues that trial counsel was ineffective for arguing this issue before the jury.

> While some evidence of place of crime must be offered by the prosecution to sustain a guilty verdict, where there is a real question as to the place, it is reversible error for the trial judge to refuse the defendant's request to submit

that question to the jury. *Commonwealth v. Kloss*, 253 Pa.Super. 559, 563, 385 A.2d 480, 482 (1978).

Trial counsel questioned the jurisdiction of the trial court because he elicited on cross-examination of the victim that she was not sure of the location of the house to which she was taken. Trial counsel argued to the trial court, outside the hearing of the jury, that he did not think the Commonwealth had shown that the criminal acts took place in Delaware County. The trial court did not rule on jurisdiction at the sidebar conference. In its jury instructions, the trial court charged that it had ruled, as a matter of law, that the case was properly tried in Delaware County. It was not ineffective for trial counsel to argue jurisdiction to the jury when he believed he had a reasonable basis for so doing.

Appellant's third contention is that both trial and appellate counsel were ineffective in failing to argue that the criminal informations, filed against the appellant, and stamped with the facsimile of the district attorney's signature, were void.

Beginning with *Commonwealth v. Belcher*, 258 Pa.Super. 153, 156, 392 A.2d 730, 736 (1978) this Court held that:

the failure of the District Attorney to sign an information, renders it void, not merely voidable... When the vehicle for initiating a criminal trial (i.e., the information) is unsigned, it is not at all apparent that a reasoned evaluation of the advisability of instituting a criminal trial has been made...

A more recent case, *Commonwealth v. Levenson*, 282 Pa.Super. 406, 410, 422 A.2d 1355 (1980), held that an information was not rendered invalid by the fact that an assistant district attorney had signed the district attorney's name followed by his own initials. In other words, if the signature space on a criminal information is left blank,[11] or if the information is stamped with a facsimile of the district

11. The Court in *Commonwealth v. Emanuel*, 285 Pa.Super. 594, 598 n.2 428 A.2d 204, 206 n.2 (1981) states that *Belcher* held that an information with a blank signature line is void *ab initio*.

attorney's signature but not initialed by an assistant district attorney, then the information is invalid.[12]

■ In the instant case, each bill of information was stamped with the facsimile of the signature of Frank T. Hazel, District Attorney of Delaware County, but not initialed.

"Trial counsel cannot be held ineffective for failure to predict future developments in the law." *Commonwealth v. Robinson*, 272 Pa.Super. 420, 423, 416 A.2d 527, 529 (1979). The *Belcher* case was decided on October 20, 1978. In the present case, on October 20, 1978, trial had ended and trial counsel was no longer appellant's attorney. Therefore, trial counsel cannot be held ineffective for failure to raise the issue of the facsimile signature on the bills of information. Even if trial counsel were appellant's attorney on this date, the bills of information would have appeared valid under *Belcher* since they were not blank.

■ Appellate counsel filed the notice of appeal on November 17, 1978, and appellant's case was submitted to this Court on June 29, 1979. "Defense attorneys, as do all attorneys, carry an obligation to be aware of current law." *Commonwealth v. Lennox*, 286 Pa.Super. 41, 45, 428 A.2d 228, 230 (1981). Appellate counsel could only have been aware of the *Belcher* case at the time of his representation of appellant on the direct appeal of his conviction to this Court. Therefore, the bills of information would have appeared valid to appellate counsel because they were signed with the facsimile of the District Attorney's signature, and not left blank. Appellate counsel cannot be found ineffective in failing to predict that a facsimile signature of the district attorney, uninitialed by an assistant district attorney, would be held void.

12. While the validity of the rubber-stamped, facsimile signature of the District Attorney is not directly put before us on this appeal, it is our belief that such a signature is valid and should not be used as a basis to invalidate a criminal bill of information.

22

We find that trial counsel is not ineffective, and therefore, appellate counsel is not ineffective in failing to raise trial counsel's ineffectiveness.

Order affirmed.

POPOVICH and WIEAND, JJ., concur in the result.