Commonwealth *v.* Nasuti, Appellant.

Argued September 26, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Edward W. Furia,* with him *Furia & DiCintio,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *William T. Gennetti,* Assistant District Attorney, *Vincent G. Pananti,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY HIRT, J., January 17, 1956:

The defendant was convicted of arson and was sentenced. He had been a part owner of a small restaurant conducted in a single room in the Hardt Building on West Columbia Avenue in Philadelphia. The restaurant was about 1 1/2 feet below the street level. There were windows on the street side and also fronting on an alley in the rear. At 12:55 on the morning of March 17, 1952, Police Officer Walsh, in patrolling his beat, was on his way to change the controls on automatic traffic signals from normal sequence to blinker, at intersections in the neighborhood. As he passed the restaurant an unidentified man emerged from it and almost collided with him. The officer then observed the defendant and an unidentified woman in the rear of the dimly lighted room. The restaurant then was not in operation and had not been open for business since three o'clock of the prior morning.

As Officer Walsh approached Tenth Street, four blocks away, he heard fire engines approaching and he retraced his steps on Columbia Avenue. The officer had not observed any sign of fire in the restaurant at five minutes to one when he first looked into it through the window on Columbia Avenue but when he returned to the scene, fifteen or twenty minutes later, the room was a mass of flames. Charles J. Hassett, a fire department captain testified that an alarm sounded in his nearby station at 1:07 a.m. and his company arrived at the

scene of the fire three minutes later. On arrival he noted that the "bulk plate glass window" [facing Columbia Avenue] had collapsed and the inside of the restaurant was "just one sea of flames." The east windows also had been broken out by the heat and there were flames, through the opening, rising 20 to 30 feet on the outside of the building. Six hose lines were used in fighting the fire and to "black out" the flames about 12,000 gallons of water were required. Charles A. Gallagher, another captain in the Philadelphia Fire Department, who was also an Assistant Fire Marshal, made an examination of the premises at 8:30 of the morning of the fire. Both captains had had long experience as firemen, and Captain Gallagher's duty at the time was the investigation of fires of undetermined origin. Both gave it as their opinion, at the trial, over the objection of the defendant that the fire was of incendiary origin. The admission of this opinion evidence is the principal error urged in this appeal by the defendant from the sentence imposed after his motions in arrest of judgment and for a new trial were refused.

Was the opinion evidence admissible? In general the admissibility of expert opinion evidence is within the discretion of the trial judge. Necessity is the ground of admissibility of such evidence and whether necessity exists and whether the witness is qualified are in the first instance to be determined by the trial judge. The question on appeal is whether the judge abused his power in admitting such evidence. *Cooper v. Metropolitan L. Ins. Co.*, 323 Pa. 295, 186 A. 125; *Brookside D. P. Corp. v. Monarch Wine Co.*, 367 Pa. 8, 79 A. 2d 242. Expert opinion is admissible usually where the facts depend upon circumstantial rather than direct evidence. But the fact that expert opinion is referable to the ultimate issue to be decided by the jury does not bar it if otherwise admissible. *Foley v. The Pittsburgh-Des*

*Moines Co.,* 363 Pa. 1, 68 A. 2d 517. On the authority of Vol. II, Wigmore on Evidence (3rd Ed.), §561, the rule as to the competency of an expert witness whose knowledge has been acquired by experience rather than from scientific study and research is, in our view, correctly stated in *Shipley v. Pittsburgh & L. E. R. Co.,* 83 F. Supp. 722, at 743.

As to whether opinion evidence, expert or otherwise, is admissible on the question of the incendiary origin of a fire, the courts in general are hopelessly in conflict. Cf. 131 A.L.R. 1113, 1125 and particularly 1135, et seq. In 2 Wharton, Criminal Evidence, 12th Ed. §517, it is said: "In an arson case, a witness cannot, as a general rule, testify concerning his opinion as to whether the fire was or was not of incendiary origin, that being a question for the jury to determine, and upon which they can usually form their own opinion without any need of expert advice. *However, exceptional cases may arise which would justify the admission of expert opinion testimony on such a question as an aid to the jury in arriving at their determination.*" (Italics added.) In support of the text and as an example of the exceptional case, where expert opinion testimony may be admissible, Wharton cites *Sawyer v. State,* 100 Fla. 1603, 132 So. 188. In 131 A.L.R. 1108, in an annotation based on *State of Kansas v. Gore,* 152 Kan. 551, 106 P. (2d) 704, it is said: "The opinion of an expert on cause or origin of fires is competent on the issue of incendiary origin when *the opinion together with his reasons therefore* will afford the jury assistance, in addition to an explanation of the facts, in determining that issue and the question whether the fire was set shortly before an alarm." (Emphasis added.)

In our view this was an exceptional case in which the opinions of the two experts, qualified by experience, were admissible. Captain Hassett testified in effect

that within fifteen minutes from the time fixed by Officer Walsh prior to its inception, "the fire was burning at a tremendous rate" and in a section of the restaurant where there was no combustible material there "was a rolling mass of flames" from "gasses" burning in that area. He gave it as his opinion that "the fire was of incendiary origin and had been accelerated" by the use of one of a number of chemical agents such as "gasoline, naptha, benzine, acetone" or "nitrocellous products" which have no odor. In his opinion the inflamable accelerating agents were consumed by the severity of the resulting fire and the fact that he was unable to find any trace of them therefore was unimportant. He based his opinion also upon the rapid development of the fire within the short period of a few minutes during which the glass in the door and in the windows on both sides of the restaurant were broken out by the heat, as well as upon the nature of the other damage from fire within the restaurant and the large quantity of water required to black it out. Captain Gallagher, from an examination of the debris and the extent of the fire in relation to the limited amount of inflamable material in the restaurant, testified: "that a fire of this type could not get such an acceleration without . . . some material that would activate that fire."

In our view the jury were entitled to the aid of these expert opinions in determining the question of the guilt of the defendant. Appellant, to the contrary, leans heavily on *Commonwealth v. Greenberg*, 143 Pa. Superior Ct. 203, 17 A. 2d 698. In that case the defendant had offered one officer Simmler of the Philadelphia Bureau of Fire as an expert witness to give his opinion as to the origin of the fire. His examination of the premises was made *more than a year* after the fire. Under the circumstances we affirmed the action of the

trial judge in sustaining the objection to this testimony "on the ground that the witness's examination of the premises was too remote from the time of the fire and, secondly, that the explanation of the cause of burning *in particular locations or spots* in a building is not a matter for expert testimony, but for the jury exclusively." (Italics added.) None of the reasons for properly excluding the opinion evidence in that case are present here.

In the refrigerator after the fire there was only a small piece of bologna and 3 or 4 spareribs, and nothing more. An ice cream container was about 1/3 full. There was no evidence of other food or supplies on the premises. The amount of insurance carried on the restaurant fixtures however was not excessive and defendant was not in financial straits. Motive was not proven but such proof is not essential on a charge of arson, and was not indispensable to a conviction in this case. 14 Am. Jur., Criminal Law, §27. Ordinarily there is no burden on the Commonwealth to prove motive. *Commonwealth v. Byers,* 45 Pa. Superior Ct. 37, 42; *Commonwealth v. De Petro,* 154 Pa. Superior Ct. 535, 542, 36 A. 2d 513.

The evidence of defendant's unexplained presence on the premises immediately before the fire at an hour not related to the operation of the restaurant, and other incriminating circumstances, together with the opinion evidence as to the incendiary origin of the fire was clearly sufficient to support the conviction in this case.

Judgment of sentence affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.