407 A.2d 430

**COMMONWEALTH of Pennsylvania**

v.

**Frank H. BOND, Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1978.

Decided July 13, 1979.

50

Stephen F. Freind, Havertown, for appellant.

No brief filed on behalf of Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

Appellant was convicted following a non-jury trial in the Philadelphia Court of Common Pleas of carrying firearms on public streets or public property,[1] carrying firearms without a license,[2] and possession of a prohibited offensive weapon.[3] He was sentenced on the two Fire Arms Act violations to a total term of imprisonment of from time-in to twenty-three months, but was released to enter an in-patient drug program. He was sentenced on the prohibited offensive weapons charge to a two-year term of probation to run consecutively to the sentence on the firearms violations. This trial in the court of common pleas was a result of appellant's appeal of his conviction on the same charges in the Philadelphia Municipal Court.[4]

1. 18 Pa.C.S. § 6108.

2. 18 Pa.C.S. § 6106.

3. 18 Pa.C.S. § 908.

4. Appellant was not only convicted in municipal court of the three charges mentioned above, but he was also convicted of possession of a firearm by a former convict (18 Pa.C.S. § 6105) and of altering or obliterating marks of identification on a firearm (18 Pa.C.S. § 6117), charges on which he was acquitted in the court of common pleas.

The basis of appellant's appeal to this court is that he was denied his right to a speedy trial under Pa.R.Crim.P. 6013,[5] and therefore should be discharged. We are constrained to agree with appellant, and thus reverse the judgment of sentence and order him discharged.

The facts pertinent to our consideration of the issue appellant raises are as follows. Appellant was arrested, a complaint was filed against him, and he was arraigned all on May 6, 1975. The original trial date was set for June 6, 1975, but when appellant failed to appear, the case was relisted for July 14, 1975. On July 14, appellant requested and was granted a continuance to August 29. On August 29, the judge assigned to the case was unable to hear it, and the case was relisted to November 17; on that day, appellant again requested and was granted a continuance to November 28, 1975. Appellant failed to appear for trial on November 28, and a bench warrant was issued. The bench warrant was withdrawn on January 2, 1976, and the case was then listed for trial for January 27, 1976. On January 27, the Commonwealth requested and was granted a two-day continuance. The municipal court granted appellant's motion to suppress certain physical evidence on January 29, and the Commonwealth appealed that order. The case was continued on January 29, February 4, March 2d, 9th, and 19th, April 23, and May 3, pending disposition of the Commonwealth's appeal of the municipal court's suppression order. That order was reversed by the court of common pleas on May 3, 1976. The Commonwealth filed a petition to extend under Pa.R.Crim.P. 6013(c)(1)[6] on May 10, the 370th day

5. Pa.R.Crim.P. 6013(a)(1) provides that:
"Trial in a Municipal Court case in which a preliminary arraignment is held after June 30, 1974, but before July 1, 1975, shall commence no later than two hundred ten (210) days from the date on which the preliminary arraignment is held."

6. Pa.R.Crim.P. 6013(c)(1) provides that:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the Court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be

after arraignment. Appellant filed a petition to dismiss on May 17, pursuant to Pa.R.Crim.P. 6013(e).[7] The municipal court denied appellant's petition to dismiss and granted the Commonwealth's petition to extend on May 19, 1976; the new run date established was August 28, 1976. Trial began on July 28, 1976, and appellant was found guilty on all counts charged. He then appealed to and was tried before the court of common pleas.[8]

Appellant contends that the petition to extend filed by the Commonwealth on May 10, 1976, was not timely, i. e., it was filed after 210 days had run for Rule 6013 purposes, and therefore was improperly granted. The municipal court, in reviewing the record, found that 163 days were excludable from the calculation of the run time under Pa.R.Crim.P. 6013(d),[9] and thereby construed the Commonwealth's petition to extend as timely filed on the 207th day for Rule 6013 purposes. We find that the municipal court erroneously calculated the excludable time under Rule 6013(d), and that the Commonwealth's petition to extend was untimely filed and improperly granted. As a result, the judgment of

heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

7. Pa.R.Crim.P. 6013(e) provides that:
"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

8. Appellant has properly preserved his speedy trial rights throughout all of the proceedings.

9. Pa.R.Crim.P. 6013(d) provides that:
"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney; and
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

sentence of the court below is reversed, and appellant is discharged.

In reaching our conclusion that the excludable time cited by the court below was erroneously calculated, we need only consider one aspect of the total excludable time—to-wit, that time connected with defense-oriented continuances. Appellant requested and was granted three continuances: (1) from July 14, 1975 to August 29, 1975 (46 days); (2) from November 17, 1975 to November 28, 1975 (11 days); and (3) from July 26, 1976 to July 28 (2 days). In reaching its calculation of 163 excludable days, the court below added the three continuances together and assessed that amount over 30 days (*i. e.* 29 days) as excludable time. This practice is clearly erroneous.

When calculating excludable time under Pa.R. Crim.P. 6013(d)(2) or under its companion rule, Pa.R.Crim.P. 1100(d)(2),[10] each continuance is considered as a separate entity and only those days in excess of the thirtieth day of each continuance are excluded. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977), *affirmed* 483 Pa. 524, 397 A.2d 790 (1979). As applied to the instant case, out of the 46 day continuance which commenced on July 14, 1975, 16 days are excluded from calculating the run time under Rule 6013. With respect to the other two continuances commencing on November 28, 1975 and July 26, 1976, no time would be excluded from calculating the run time since each of those continuances was less than 30 days. The excludable time thus is adjusted to a total of 150 days, and accordingly, the Commonwealth's petition to extend was filed, in actuality, on the 220th day following appellant's arraignment. Thus, the Commonwealth's petition was untimely filed, and the lower court's granting of it was error. *See Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Ellison*, 249 Pa.Super. 339, 378 A.2d 325 (1977).

10. Rule 1100 is the speedy trial rule as applied to trials in the courts of common pleas. Rule 1100(d)(2) employs the identical language of Rule 6013(d)(2).

Accordingly, we reverse the judgment of sentence, and order appellant discharged.

HESTER, J., files a dissenting statement in which VAN der VOORT, J., joins.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the opinion of Judge Shiomos of the court below.

VAN der VOORT, J., joins.