444 A.2d 735

**COMMONWEALTH of Pennsylvania**

**v.**

**Donald THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 25, 1981.

Filed April 16, 1982.

Petition for Allowance of Appeal Denied July 1, 1982.

Spero T. Lappas, Harrisburg, for appellant.

Marion E. MacIntyre, First Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before PRICE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Appellant, Donald Thomas, was convicted by a jury of robbery.[1] Following denial of post-verdict motions, appellant was sentenced to a term of not less than four nor more than eight years imprisonment. In this direct appeal, appellant raises a novel issue concerning the time for arraignment under Pennsylvania Rules of Criminal Procedure 305 and 307. Although novel, the issue is lacking in merit. Therefore, we will affirm the judgment of sentence.

A full appreciation of appellant's claim requires a review of the procedural background. On January 9, 1979, appellant was arrested and charged in connection with the January 3, 1979, armed robbery of a taxi-cab driver in Harrisburg, Dauphin County. On January 24, 1979, appellant's court-appointed counsel requested a line-up, thus forcing the postponement of a preliminary hearing scheduled for the same date. The line-up was held on March 7, 1979.[2] Thereafter, a preliminary hearing was held on March 28, 1979, at which time the Commonwealth established a prima facie case. Appellant was arraigned on June 6, 1979, and his jury trial commenced on June 29, 1979. Prior to trial, appellant filed a notice of alibi and a motion to dismiss because he could not be tried timely under Pa.R.Crim.P. 1100 if given thirty days after arraignment within which to file an omnibus pretrial motion. The motion to dismiss was denied.

On appeal, appellant contends that, by virtue of Pa.R. Crim.P. 307, he has an absolute right to a period of thirty

1. 18 Pa.C.S. § 3701.

2. The reason for the delay in the conduct of the line-up is not explained by the present state of the record. In his brief, appellant charges that it was due to a misunderstanding between the District Attorney's Office and the Harrisburg Police Department.

days between arraignment and trial. We disagree. Rule 307 requires the filing of an omnibus pretrial motion within thirty days after arraignment, and provides as follows:

"Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within thirty (30) days after arraignment, unless opportunity therefor did not exist, or the defendant or his attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

"Copies of all pretrial motions shall be served either before or immediately following presentation." Pa.R. Crim.P. 307.

Pa.R.Crim.P. 305 C(1)(a) provides a similar time requirement for the filing of a notice of alibi. These rules, however, do not prevent the commencement of trial within thirty days of arraignment. Rather, they speak "to the time period within which pretrial motions must be filed . . . but [they do] not expressly or by necessary implication preclude trying a case within that period." *Commonwealth v. Coleman*, 280 Pa.Superior Ct. 162, 165, 421 A.2d 455, 457 (1980) (footnote omitted), petition for allowance of appeal denied, December 31, 1980.

In *Coleman*, the court observed that "trial of a case within thirty (30) days of arraignment might be prevented if the defendant were to object to such scheduling on the ground that he required part or all of the remainder of the filing period to present motions . . . ." *Id.* Such was not the case here. There has been no suggestion that appellant needed the remaining period to file an omnibus pretrial motion; neither did appellant seek a continuance, as was his right under Pa.R.Crim.P. 301. He did, in fact, file notice of his intent to present an alibi defense and was expressly permitted to present alibi evidence at trial. If he required more time, he could have requested the same. This he did not do. Under such circumstances we will not construe Rules 305 and 307 as requiring a minimum time between arraignment and trial.

The logical extension of appellant's argument, of course, is that a defendant must be arraigned within 150 days of the filing of the complaint in order that the Commonwealth can comply with the 180 day rule established by Pa.R.Crim.P. 1100. There is presently no such requirement, and we are disinclined to impose that additional burden upon the Commonwealth.

The judgment of sentence is affirmed.