453 A.2d 620

**COMMONWEALTH of Pennsylvania,**

v.

**Grace E. GROSS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1981.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Denied March 4, 1983.

William C. Dissinger, Marysville, for appellant.

Lester H. Zimmerman, Mifflintown, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

Grace Gross was tried by jury and convicted of arson endangering property.[1] After post-trial motions had been denied, she was sentenced to probation for three years, conditioned upon her participation in a county-supervised treatment plan. On direct appeal, she argues: (1) that she was denied a fair trial because a search of her person was conducted during trial; (2) that the trial court erred in allowing an expert to express an opinion that the fire had been intentionally set; (3) that she received ineffective assistance of counsel; and (4) that her trial was held in violation of Rule 1100. Finding no merit in any of these arguments, we affirm the judgment of sentence.

At or about 6:30 a.m. on April 20, 1979, a furnished mobile home owned by Gerald Fulkroad and leased to Grace Gross was completely destroyed by fire. About one month prior to the fire, Fulkroad had hand delivered to appellant an eviction notice which gave her thirty days to vacate the property. On the evening of April 19, the landlord had again visited the trailer to remind appellant of her eviction. He testified that when he visited the trailer on April 19, it appeared to have been cleared of appellant's personal effects. Two witnesses who were visiting appellant on April

1. 18 Pa.C.S. § 3301(b).

19 testified that after Fulkroad departed, appellant remarked, "It goes up tonight." Other testimony established that appellant had taken out a fire insurance policy on the contents of the trailer for the first time on March 23, 1979. Expert witnesses testified that the fire had been of incendiary origin. It spread rapidly because a flammable liquid had been poured on the floor at several points. One Commonwealth expert opined that the fire had been intentionally set.

During the course of the trial, the prosecutor received information that appellant was carrying bullets in her purse. He received permission from the court to conduct a search of appellant's person. In the presence of the judge, a deputy sheriff and counsel, but out of the presence of the jury, appellant was searched by using a metal detector. She was required to remove her boots, but no other disrobing was required. Appellant contends that this search violated her constitutional rights and prejudiced her right to a fair trial. We disagree.

"It is universally accepted that the trial judge has the responsibility and authority to maintain in the courtroom the appropriate atmosphere for the fair and orderly disposition of the issues presented." *Commonwealth v. Patterson,* 452 Pa. 457, 464, 308 A.2d 90, 94 (1975). Proper security measures fall within the trial court's exercise of discretion. When necessary to prevent a defendant from disrupting a trial and possibly injuring others, reasonable security measures will not prejudice the defendant's fair trial rights. See, e.g., *Commonwealth v. Africa,* 466 Pa. 603, 353 A.2d 855 (1976); *Commonwealth v. Martinolich,* 456 Pa. 136, 318 A.2d 680 (1974); *Commonwealth v. Carter,* 219 Pa.Super. 280, 281 A.2d 75 (1971). In the instant case, the possibility of prejudice was nonexistent. The search of appellant's person was conducted outside the presence of the jury. See: *Commonwealth v. Wright,* 456 Pa. 511, 514, 321 A.2d 625, 626 (1974); *Commonwealth v. Hinton,* 269 Pa.Super. 43, 53, 409 A.2d 54, 59 (1979); *Commonwealth v. Geho,* 223 Pa.Super. 525, 526 n. 1, 302 A.2d 463, 464 n. 1 (1973).

Appellant's argument that she was thereby denied a fair trial is without merit.

■ An expert witness called by the Commonwealth testified that, in his opinion, the fire was of incendiary origin and had been intentionally set. Appellant agrees that the expert could testify that the fire was of incendiary origin but argues that he could not conjecture that the fire had been set. This is a distinction without a difference.

■ An expert witness may express an opinion on matters which are within his or her scientific training and experience. *Commonwealth v. Crawford,* 468 Pa. 565, 572, 364 A.2d 660, 664 (1976). "[T]he question whether a witness is qualified to testify as an 'expert' is within the sound discretion of the trial court and will not be overturned except in clear cases of abuse." *Commonwealth v. Stickle,* 484 Pa. 89, 104, 398 A.2d 957, 965 (1979), quoting *Commonwealth v. Bennett,* 471 Pa. 419, 424, 370 A.2d 373, 375 (1977). "The appropriateness of expert testimony relating to the incendiary origin of fires is well recognized in our courts. *Commonwealth v. Kaufman,* 182 Pa.Super. 197, 126 A.2d 758 (1956); *Commonwealth v. Nasuti,* 180 Pa.Super. 279, 119 A.2d 642 (1956); *Commonwealth v. George,* 178 Pa.Super. 261, 116 A.2d 253 (1955)." *Commonwealth v. Paskings,* 447 Pa. 350, 355, 290 A.2d 82, 85 (1972). The expert may offer that opinion as long as it is based upon and supported by facts in the record. *Commonwealth v. Paskings, supra,* 447 Pa. at 355–56, 290 A.2d at 85. See generally: Henry, Pennsylvania Evidence, § 561. The record in this case clearly establishes that the trial court did not abuse its discretion by allowing the expert to state his opinion. See: *Commonwealth v. Leveille,* 289 Pa.Super. 248, 258 n. 7, 433 A.2d 50, 55 n. 7 (1981); *Commonwealth v. Colon,* 264 Pa.Super. 314, 324, 399 A.2d 1068, 1073 (1979).

Appellant makes numerous averments that trial counsel was ineffective. These matters were properly raised for the first time in supplemental post-trial motions by appellant's new counsel.

Our standard of reviewing questions of counsel's ineffectiveness has been stated often:

> [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967). Counsel will not be deemed ineffective for failing to raise meritless claims. *Commonwealth v. Tarver,* 491 Pa. 253, 420 A.2d 438 (1980); *Commonwealth v. Hosack,* 485 Pa. 128, 401 A.2d 327 (1979); *Commonwealth v. Turner,* 290 Pa.Super. 428, 434 A.2d 827 (1981); *Commonwealth v. Rainey,* 282 Pa.Super. 15, 422 A.2d 652 (1980).

Appellant argues eight instances of ineffectiveness: (1) failure to object to the admission of photographs of the fire scene, because the photographer-witness did not testify that the photographs "fairly and accurately represented the scene"; (2) failure to make the same objection to the admission of a diagram of the mobile home, drawn by the Commonwealth's expert witness and illustrating the patterns of burn marks; (3) failure to object to the testimony of two lay witnesses that the fire had burned fast and had burned the aluminum siding; (4) failure to object to statements made at trial by the landlord which are alleged to be prejudicial; (5) failure to move to strike a comment made by the landlord in response to an objection made by defense counsel; (6) failure to object when three Commonwealth experts expressed opinions regarding matters allegedly beyond their area of expertise; (7) failure to object to cross-examination of appellant regarding previous residences and other disputes with other landlords; and (8) failure to investigate properly

whether the trailer had been flooded and damaged before appellant moved in.

It is unnecessary that we discuss each of these contentions in detail; each has been discussed fully in the opinion of the learned trial judge. Suffice it to say that our review of the record discloses no arguable merit in any of them. Moreover, trial counsel's strategy was to show that the fire, which unquestionably occurred, had been caused by electrical defects in the trailer and had not been set by appellant. This defense he presented vigorously and well. Most omissions complained of by appellant could not have prejudiced or affected adversely the defense which counsel attempted to present. We have repeatedly held that counsel will not be found ineffective where some reasonable basis existed for his acts. Here, it was an entirely reasonable trial strategy for counsel to forego objections to harmless and innocuous evidence. Thus, counsel cannot properly be found ineffective for failing to enter meaningless objections.

Finally, appellant contends that she failed to receive a speedy trial within the time constraints of Pa.R.Crim.P. 1100. The complaint against appellant was filed on June 26, 1979, making the run date for Rule 1100 purposes December 23, 1979. The case was scheduled for trial on November 5, 1979, but was not reached. It was rescheduled for November 13, 1979, at which time appellant failed to appear. Counsel advised the court that she was then incarcerated in Virginia. A bench warrant was issued, and extradition proceedings were begun on December 7, 1979. Appellant waived extradition and returned to Pennsylvania on December 11, 1979. The Commonwealth filed a petition to extend on December 18, 1979. After a hearing on December 20, the court granted an extension until the next term of court, commencing January 21, 1980. Trial commenced that day.

Appellant now urges that the Commonwealth failed to exercise due diligence in bringing her to trial. We need not reach the question of the exercise of due diligence by the Commonwealth. Because there were a sufficient number of

excludable days, appellant's trial did, in fact, begin within 180 days. The record shows that on September 7, 1979, appellant filed an "Application for Trial Date Modification as of Course." This application, although reciting that it was not a defense continuance for speedy trial purposes, nevertheless sought a trial delay because appellant had not been afforded thirty days between arraignment and trial. The application was granted, and trial was continued specifically to November 5, 1979. Moreover, when the case was called for trial on November 13, 1979, appellant was outside the jurisdiction. Although appellant seeks to avoid calling her motion of September 7 a request for a continuance, it is clear that it was, in fact, exactly that. It was a defense request to postpone trial so that counsel would have a full thirty days between arraignment and trial for purposes of discovery and preparation. There may well have been good cause for the requested postponement of trial; however, appellant cannot now charge that delay against the Commonwealth by labeling her motion an "application for trial date modification," and not a motion for continuance.[2] The postponement of trial from September 7, 1979, to November 5, 1979, therefore, was caused by a defense requested continuance.

Rule 1100(d)(3)(ii) expressly provides for the exclusion of the period of delay which results from a defense requested continuance in excess of thirty days. See: *Commonwealth v. Frazier,* 278 Pa.Super. 247, 420 A.2d 523 (1980); *Commonwealth v. Brant,* 272 Pa.Super. 135, 414 A.2d 707 (1979); *Commonwealth v. Bond,* 268 Pa.Super. 49, 407 A.2d 430 (1979). The continuance in the instant case was granted for the period of September 7 to November 5, a period of 59 days. Therefore, 29 days were excludable. For this reason,

2. Appellant does not have an absolute right to a period of thirty days between arraignment and trial. *Commonwealth v. Thomas,* 298 Pa.Super. 210, 444 A.2d 735 (1982). Moreover, contrary to appellant's argument, the Rules of Criminal Procedure regarding arraignment do not vitiate the need to file for a continuance if the full thirty days is required to enable the defense to prepare for trial. See: *Commonwealth v. Thomas, id.,* 298 Pa.Super. at 211, 444 A.2d at 736; Pa.R.Crim.P. 301, 303, 305, 307.

it seems clear that trial commenced within a 180 day period from the filing of the complaint. Rule 1100 was not violated.

The judgment of sentence is affirmed.