464 A.2d 473

COMMONWEALTH of Pennsylvania, Appellant

v.

Wayne A. DANCY.

Superior Court of Pennsylvania.

Submitted Nov. 16, 1982.

Filed Aug. 12, 1983.

Sarah Van den Braak, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellee.

Before BROSKY, McEWEN and WATKINS, JJ.

McEWEN, Judge:

Appellee had been adjudged guilty of aggravated assault,[1] recklessly endangering another person [2] and endangering the welfare of children [3] after kicking and choking his own one month old baby. The trial judge entered an order that discharged appellee after granting the post verdict motion of appellee that asserted that it was error for the hearing judge to have granted the petition of the Commonwealth to extend the 180 day period by eleven days. The Commonwealth has appealed from that order. We reverse and remand.

1. 18 Pa.C.S.A. § 2702.

2. 18 Pa.C.S.A. § 2705.

3. 18 Pa.C.S.A. § 4304.

Appellee was arrested at the time of the attack on July 8, 1980, and a complaint was filed on the same day. The 180 day period within which trial of appellee was to commence in accordance with Rule 1100 [4] expired on January 5, 1981. The matter was scheduled for trial on December 23, 1980, but was continued upon the motion of the Commonwealth by reason of the failure of the mother of the child to appear at the trial on that date. The Commonwealth, on December 26, 1980, filed a petition to extend the 180 day period for trial, to which counsel for appellee filed an answer on January 12, 1981, and upon which the distinguished Judge Edward Rosenwald held a hearing on January 16, 1981, before directing that the case was to be tried on that very date or the charges were to be dismissed. The trial did in fact commence that day before the learned Judge Leon Katz, sitting without a jury, who found appellee guilty of all charges, ordered a pre-sentence investigation, including a psychiatric report, and increased the bail to $20,000.00. Six months later, on July 15, 1981, the trial judge, at the conclusion of the presentation of oral argument by counsel for the parties upon the motion of appellee, but without any additional testimony: (1) concluded that the Commonwealth had not, at the hearing upon the petition to extend, shown due diligence; (2) granted the motion of appellee to dismiss all charges and (3) discharged appellee.

The Commonwealth presented but one assertion in its brief:

The post-verdict court erred in reversing a well-based, judicially authorized Pa.R.Crim.P. 1100 extension, granted due to the unavailability of a necessary and important witness, simply because the Commonwealth ultimately obtained a conviction without her testimony.

 The sole issue of our focus is the due diligence of the Commonwealth and, specifically, the due diligence of the Commonwealth concerning the trial date of December 23, 1980. The Commonwealth has the burden, by a prepon-

4. Pa.R.Crim.P., 42 Pa.C.S.A.

derance of the evidence, of showing that it has met the requirements of Pennsylvania Rule of Criminal Procedure 1100(c). *Commonwealth v. McNeill,* 274 Pa.Super. 257, 418 A.2d 394 (1980). When we review the ruling of a hearing court that the Commonwealth has met this burden, we consider only the evidence presented by the Commonwealth and so much evidence as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. McNeill, supra.*

The trial judge, who determined appellee was guilty of all charges but subsequently discharged him by reason of his conclusion that the prosecutor had not been duly diligent, acknowledges that the due diligence required of the prosecutor by Rule 1100 has been interpreted to mean that the Commonwealth must exert *reasonable* efforts to provide for the trial to commence within 180 days. "The test in determining whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances." *Commonwealth v. Wroten,* 305 Pa.Super. 340, 345, 451 A.2d 678, 681 (1982). "As long as the Commonwealth has acted reasonably in light of the circumstances at the time, it has acted with due diligence 'even if it appears in hindsight that there were other, possibly more desirable or efficacious methods that might have been tried.'" *Commonwealth v. Tann,* 298 Pa.Super. 505, 507–508, 444 A.2d 1297, 1298 (1982). *Quoting from Commonwealth v. Long,* 288 Pa.Super. 414, 432 A.2d 228 (1981).

The trial judge concluded the Commonwealth fell short of this standard for the following reasons:

> There was no evidence that the prosecutor had served the mother of the child with a subpoena commanding her appearance for the trial on December 23, 1980.

> The prosecutor did not present evidence that corroborated the testimony of the prosecutor concerning the severity of the weather conditions.

> The prosecutor did not eliminate any obstacle of inclement weather by providing transportation to the trial for this critical witness.

The Commonwealth failed to put an explanation on the record as to why, despite the unavailability of a witness, the case should not have been tried on or before the rundate.

The Pennsylvania Supreme Court has made clear that Rule 1100 is designed to serve the protection of society every bit as much as it is designed to serve the right of an accused to a speedy trial. *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981). Since the decision of Judge Katz preceded the reported publication of the *Genovese* decision, he did not have the benefit of the declaration of our Supreme Court:

Rule 1100 'serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society,' *Commonwealth v. Brocklehurst*, 491 Pa. 151, 153–155, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crimes and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 (1980).

． ． ． ． ．

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Id.*, 493 Pa. at 69–72, 425 A.2d 369–71. We are, nonetheless, required to examine the decision of the trial court in light of this declaration of the Supreme Court.

■ The final finding of the trial judge, namely, that the Commonwealth failed to provide an explanation on the record as to why the case could not have been tried on or before the rundate, appears to refer to the holding of *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976) that an extension may be granted only after the Commonwealth has provided not only evidence of its due diligence but also evidence that the inability of the court to try the case prior to the rundate was unavoidable. The Assistant District Attorney testified at the extension hearing of January 16, 1981, that on the morning of the earlier scheduled trial date, namely, December 23, 1980, he spoke by telephone with the mother of the infant victim and was advised that the snowy conditions precluded her travel to court that day. This witness, who had appeared and presented vital testimony at the preliminary hearing, stated she would be present for the next listing. Our examination of the entire record leaves us unable to fault the decision of the trial prosecutor to continue the trial due to the unexpected availability of a principal witness of the Commonwealth. While it is true the Commonwealth proceeded to trial without the mother some three weeks later, the Commonwealth was forced to do so since the extension granted by the court expired that very day. Since hindsight is born to deceive, the prudent exercise of judgment by the prosecutor on December 23, 1980, cannot be recast by the circumstances of compulsion that forced him on January 16, 1981, to proceed to trial without this witness. As for the question of the availability of judicial resources between December 23, 1980, when the case was continued, and January 5, 1981, the rundate, the prosecutor who appeared as a witness before the judge who conducted the hearing upon the petition for extension testified:

I informed Judge Forer what the situation was and I requested the earliest possible date on the case. And

what the court gave me was [January] 16 back in court room 615. They checked with Criminal Listing and got that date.·

While it may be argued that the failure of the hearing judge to inquire into the statement of availability of judicial resources does not permit an inference that the hearing judge accepted the accuracy of this testimony, it must be noted that the public defender who served as counsel for appellee at the extension hearing challenged neither the credibility of the prosecutor nor the accuracy of his testimony.

 The remaining reasons for the decision of the trial judge relate solely to the diligence of the Commonwealth in connection with the trial of December 23, 1980. While it is true the· record does not reflect that the Commonwealth provided for the service of a subpoena upon the mother of the child, and while such a procedure may be the recommended practice, we are not prepared to hold that the failure of the Commonwealth to subpoena the mother of the child was equivalent to a lack of due diligence. Since her baby was the victim of the assault, the mother of the child would under every normal circumstance be vitally interested in the cause of the Commonwealth and the record does not reflect that she failed to appear whenever so earlier advised. The trial judge further found that the severity of the weather conditions, as described in the testimony of the assistant district attorney, was not substantiated although the letter/memorandum/brief of counsel for appellee in support of post-trial motions contained the U.S. Local Time Climatological Report for the month of December, 1980, which reflects that on the pertinent date, namely, December 23, 1980, the weather conditions included fog and glaze, that there was an inch of snow on the ground at 7:00 a.m. and that .9 inches of snow fell that day.[5] The prerogative of requiring substantiation of factual testimony belongs solely to the hearing judge. While the law is clear that the

5. The presentation of the U.S. Climatological Report by appellee as an exhibit to its brief in support of post-trial motions is an improper

trial judge may in post-verdict proceedings proceed to conclusions of law that vary from and are even contrary to the conclusions of law reached by the hearing judge, the trial judge may not reverse the findings of fact of the hearing judge unless there is no basis for the findings. *See Commonwealth v. Stumpo*, 306 Pa.Super. 447, 452 A.2d 809 (1982); *Commonwealth v. Long, supra.* There was here, of course, a sufficient basis for the hearing judge to have determined as a fact that the weather conditions prevented the appearance of the principal prosecution witness since there was unchallenged testimony from the prosecutor of that fact. Nor can we accept the proposition that the failure of the Commonwealth to provide for the transportation of the mother of the child to the trial was a lack of due diligence, especially when the public defender who served as counsel for appellee at the extension hearing did not raise such an issue by cross-examination of the prosecutor or express such an assertion to the hearing judge.

Order reversed. Case remanded for the entry of a judgment of conviction upon the verdict and the imposition of sentence. Jurisdiction is relinquished.

presentation of evidence. It provides, however, verification of the testimony of the prosecutor as to the snowy conditions on the day of the trial.