467 A.2d 860

**COMMONWEALTH of Pennsylvania**

v.

**Thomas RAFFERTY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 2, 1983.

Filed Nov. 4, 1983.

Brian S. Quinn, Havertown, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before ROWLEY, WIEAND and BECK, JJ.

BECK, Judge:

Appellant, Thomas Rafferty, was convicted after a jury trial of escape from Delaware County Prison. On appeal, he contends that the Commonwealth violated his right to a

speedy trial under Pa.R.Crim.P. 1100(a)(1).[1] We agree and accordingly vacate judgment of sentence and order appellant discharged on the matter under appeal.

Appellant was jailed in the Delaware County Prison on an assault and battery charge. On June 8, 1974, he escaped and on June 11, 1974, a criminal complaint was filed against him. He was apprehended on July 31, 1974 and then released on bail.

Trial on the escape charges was initially scheduled for January 22, 1975. Appellant did not appear. The record indicates, however, that he was not provided with notice.

Trial was continued until February 3, 1975. Appellant again did not appear and a bench warrant was issued the next day. Appellant was arrested on an unrelated robbery charge on March 20, 1975.

On April 29, 1975, he petitioned for disposition in lieu of trial or criminal punishment on the escape charges.[2] The lower court granted a rule returnable for May 16, 1975. The date for the rule returnable was then extended for reasons not satisfactorily explained until September 16, 1975 at which time appellant requested and was granted a fifteen day continuance.

On October 1, 1975, appellant moved to dismiss the charges against him resulting from the escape under Pa.R. Crim.P. 1100(f). Two days later, the lower court denied this motion and also appellant's petition for disposition in lieu of trial or criminal punishment.

Trial on the escape charges commenced on December 3, 1975. Appellant was found guilty of escape and sentenced.

The criminal complaint in this case was filed on June 11, 1974. The run date at the relevant time was 270 days later

1.  At the time relevant in this trial Pa.R.Crim.P. 1100(a)(1) provided: Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

2.  Section 18 of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–118.

or March 8, 1975. Trial did not actually commence until December 3, 1975, or five hundred forty-one (541) days after the filing of the complaint. The Commonwealth at no time applied for an extension.

The only question for our consideration is whether trial commenced within the statutory period; i.e. whether two hundred seventy-one day (271) days are excludable under section (d) of the Rule?

Appellant in his brief concedes that he was unavailable for one hundred seven (107) days: fifty (50) days, from June 11, 1974, the date of the filing of the complaint, to July 31, 1974, the date of his apprehension after his escape and fifty-seven (57) days from January 22, 1975, the date initially scheduled for trial on the escape charges to March 20, 1975, when he was arrested on the unrelated robbery charge.

Although appellant concedes he was unavailable from January 22, 1975 to March 20, 1975, the record indicates that his unavailability under the Rule did not commence until February 3, 1975, the continued date for trial. Since appellant did not receive notice of the January 22, 1975 trial date, he would not be considered unavailable for the twelve (12) days from that time until February 3, 1975, the continued date for trial. *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978). According to appellant's calculation as modified by this court he was unavailable for trial for a total of ninety-five (95) days.

The Commonwealth contends that appellant should be considered unavailable for the forty (40) days between his arrest on March 20, 1975 on the unrelated robbery charge and April 29, 1975, the date on which the Commonwealth asserts appellant was returned to Delaware County Prison. For purposes of this appeal, we will accept, *arguendo*, the Commonwealth's contention that appellant was unavailable for those forty (40) days. The number of days chargeable to appellant is, therefore, increased to one hundred thirty-five (135).

The Commonwealth next asserts that appellant was unavailable for fifteen (15) days based on the continuance granted appellant on September 16, 1975 on the rule returnable on his petition for disposition in lieu of trial or criminal punishment arising out of the escape.

At the time the continuance was granted only those days in excess of the thirtieth day of a continuance were excluded under Pa.R.Crim.P. 1100(d)(2).[3] *Commonwealth v. Bond,* 268 Pa.Super. 49, 407 A.2d 430 (1979). Therefore, those fifteen days are not excludable.

Finally, the Commonwealth contends that appellant was not available for an additional one hundred twenty-three (123) days. This is the time from the originally scheduled hearing date on the rule returnable, May 16, 1975, to the date that the hearing was originally continued to, September 16, 1975. The Commonwealth suggests several reasons for charging this time to appellant, none of which have merit.

■ The Commonwealth argues judicial delay. It is sufficient to note an appellant has no legal duty to advance the time of his own hearing. *Commonwealth v. Millhouse,* 239 Pa.Super. 445, 362 A.2d 398 (1976), *rev'd on other grounds,* 470 Pa. 512, 368 A.2d 1273 (1977).

■ The Commonwealth also argues without specificity that the one hundred twenty-three (123) day delay should be charged to appellant because of his involvement in other judicial proceedings. Neither the record nor the Commonwealth's brief contains any specific reference to the other judicial proceedings in which appellant was involved.

3. Pa.R.Crim.P. 1100(d)(2) provided at that time:
   In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   . . . .
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.
   Under the amendment of section (d), the entire period of a continuance requested by a defendant on or after January 1, 1982 is excluded. Pa.R.Crim.P. 1100(d)(3)(ii).

Therefore, no time can be considered excludable on this ground. See Comment to Pa.R.Crim.P. 1100 as it relates to subparagraph (d)(1) and *Commonwealth v. Vaughn,* 475 Pa. 227, 380 A.2d 326 (1977).

The maximum time excludable is one hundred thirty-five (135) days. Appellant's right to a speedy trial under Pa.R.Crim.P. 1100 has been violated. Pa.R.Crim.P. 1100 requires strict mechanical compliance. In this case trial was not commenced within the statutory period.

We reverse, vacate judgment of sentence and order appellant discharged on the matter under appeal.