481 A.2d 672

**COMMONWEALTH of Pennsylvania**

v.

**Vincent BANKSTON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1984.

Filed Sept. 7, 1984.

Barnaby Wittels, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Appellant was convicted of four counts of robbery,[1] one count each of simple[2] and aggravated assault,[3] conspiracy[4] and carrying a firearm on a public street or public property,[5] following a non-jury trial on July 7, 1982. He was sentenced to 2½ to 10 years on one of the robbery convictions and a consecutive term of 2½ to 5 years for aggravated assault. Sentence was suspended on all other convictions. This direct appeal followed.

The charges resulted from appellant's participation in a robbery on October 22, 1981. Appellant and two co-conspirators entered the home of one William Green, trained weapons on the occupants and ordered those present to lie on the floor. Appellant searched the pockets of the occupants, taking whatever money he found. Upon departing, appellant fired a shot into the room.

The sole issue raised on appeal concerns whether the trial court erred in extending time for trial pursuant to Pa.R. Crim.P. 1100 (Rule 1100).

Charges were filed on October 26, 1981.[6] Appellant was arrested and arraigned on November 2. The preliminary hearing set for November 6 was continued to November 12, as appellant did not have counsel, nor was he brought down from his place of incarceration on that date. On November

1. 18 Pa.C.S. § 3701.

2. *Id.* § 2701.

3. *Id.* § 2702.

4. *Id.* § 903.

5. *Id.* § 6108.

6. The mechanical run date for Rule 1100 was Monday, April 26, 1982, as the one hundred eightieth day, April 24, was a Saturday.

12, appellant did not appear and a bench warrant was issued. The case was next listed for a preliminary hearing on March 19, 1982, but was continued on that date for appointment of new counsel. Following new counsel's appointment on March 25, 1982, the preliminary hearing was held on April 20, 1982 and appellant held for court.

The Commonwealth's petition to extend was filed April 22, 1982. Defense counsel requested a continuance on May 14 which was granted until May 28. On May 19, defense counsel filed an answer and motion to dismiss under Rule 1100(f). The hearing on the petition to extend and the motion to dismiss was held May 28, at which time the extension petition was granted and time for trial extended to July 19. Trial commenced July 7, 1982.

Appellant argues that the trial court erred in excluding various time periods and extending time for trial. The Commonwealth has the burden of showing, by a preponderance of the evidence, that trial cannot be commenced within the time prescribed by Rule 1100, despite the Commonwealth's due diligence. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Dancy*, 317 Pa.Super. 578, 464 A.2d 473 (1983). *See also* Pa.R. Crim.P. 1100(c). When we review the ruling of the trial court that the Commonwealth has met this burden, we consider only the evidence presented by the Commonwealth and so much evidence presented by the defendant as, fairly read in the context of the record as a whole, remains uncontradicted. *Id.*

It is conceded that the period between the filing of the complaint on October 26 and appellant's arrest on November 2, 1981 is excludable. *See* Pa.R.Crim.P. 1100(d)(1).

Appellant argues initially that the period from November 6 to the 12th was improperly excluded. However, appellant's counsel conceded the validity of the exclusion of this six-day period at the May 28 hearing. Hence, we need not address it further. *See Commonwealth v. Warren*, 313 Pa.Super. 390, 459 A.2d 1285 (1983) (to be preserved for

review, Rule 1100 issue must not only be raised by appropriate motion, but not be abandoned when case argued to trial court).

The next period of excluded time is from December 22, 1981 to January 20, 1982. The court excluded this time on the basis of testimony from Richard DiBenedetto, Administrator of Extraditions in the district attorney's office of Philadelphia.

The relevant portions of that testimony indicate that on December 22, 1981, DiBenedetto was advised by Montgomery County authorities that appellant had been sent that day to Farview State Hospital from Montgomery County Prison, where appellant had been held on an unrelated criminal conviction. The purpose of the transfer was to determine appellant's competency to be sentenced on the Montgomery County conviction. DiBenedetto was informed, on February 1, 1982, that appellant had been examined and found competent on January 20.

Appellant charges error in the trial court's determination that he was unavailable for twenty-nine days between December 22, 1981 and January 20, 1982 due to his competency examination in Montgomery County.

Section (d)(3)(i) of Rule 1100 states:

(d) In determining the period for commencement of trial, there shall be excluded therefrom: ...

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;
...

 Defendants who are hospitalized when seriously ill are deemed unavailable for purposes of Rule 1100(d). *Commonwealth v. Whitner*, 278 Pa.Super. 175, 420 A.2d 486 (1980); *Commonwealth v. Haynes*, 245 Pa.Super. 17, 369 A.2d 271 (1976). Furthermore, where the defendant is committed to a mental health facility due to incompetency, he is considered unavailable under subsection (d)(3) while so committed. *Commonwealth v. Caden*, 326 Pa.Super. 192,

473 A.2d 1047 (1984); *Commonwealth v. Fisher*, 283 Pa.Super. 370, 424 A.2d 510 (1980).[7] Also, a defendant is considered unavailable during that period of time when he is being *examined* to *determine* his competency. *Commonwealth v. Fisher, supra; Commonwealth v. Quinlan*, 259 Pa.Super. 536, 393 A.2d 955 (1978). However, once determined to be competent, even while still hospitalized pursuant to the competency examination, the defendant becomes available for trial. *Id.*[8]

 Appellant argues that his confinement to a state hospital for a competency examination pursuant to an order from a different court should not affect the ability of this court to proceed with trial, where no issue of competency has been raised in the instant case. However, the fact remains that appellant was confined to Farview State Hospital for a competency examination. We hold that pursuant to Rule 1100(d)(3)(i), a defendant is unavailable for trial when confined to a state hospital or other mental health facility for purposes of a competency examination when such confinement is ordered by any court of competent jurisdiction, whether or not defendant's competency has been placed at issue before the court where the issue of speedy trial has been raised. Therefore, the trial court did not err in holding appellant unavailable from December 22 to January 20.

We also find no merit in appellant's allegations that the Commonwealth failed to prove the purpose of appellant's confinement. Mr. DiBenedetto stated that he was informed that appellant was being examined regarding his competency to be sentenced on other, unrelated charges in Montgomery County. (N.T. May 28, 1981, at 12).

7. The Comment to Rule 1100 states, in part:
 For purposes of subparagraph (3)(i), ... the defendant should be deemed unavailable for the period of time ... during which the defendant was physically or mentally incompetent to proceed....

8. We note that the trial court did *not* exclude the period from the date of appellant's competency determination to the date of his release from the state hospital.

The next period in question was from March 24 to April 20, 1982. On March 19, 1982, the preliminary hearing was continued until March 24. On March 24, the case was again continued, this time until April 20 for appointment of new counsel. Present defense counsel was appointed March 25.

Appellant alleges that only the period from March 19 to March 25 is properly excludable, as the defense was ready for trial as of the date of appointment of new counsel to appellant.

It is settled that a defendant's unavailability can result in an excludable delay which is much greater than the actual time he is unavailable. *Commonwealth v. Robinson,* 498 Pa. 379, 446 A.2d 895 (1982). A defendant is considered unavailable for trial within the meaning of Rule 1100(d) when he is unrepresented by counsel. *Commonwealth v. Bussey,* 486 Pa. 221, 404 A.2d 1309 (1979).

The instant case is similar to the facts found in *Commonwealth v. Derrick,* 322 Pa.Super. 517, 469 A.2d 1111 (1983), where the defendant appeared without counsel at the date set for trial. Trial was relisted for a date some forty-five days later. However, counsel was appointed only three days after the initial trial date. This court held the entire period between the proposed trial dates excludable:

> [T]his Court has made it clear that the period of excludable days is not necessarily measured by the length of time that a defendant was "unavailable." Instead, once it is determined that the defendant was unavailable, the critical inquiry is whether actual delay resulted from the defendant's unavailability. "If the 'unavailability' results in an actual delay in the proceedings, that delay is automatically excluded." *Commonwealth v. Millhouse,* 470 Pa. 512, 517, 368 A.2d 1273, 1276 (1977).

322 Pa.Super. at 530, 469 A.2d at 1118. Therefore, the entire period between March 24 to April 20, 1982 was properly excluded.

The last period of time excluded was from May 14 to May 28, 1982, based on a continuance requested by new

defense counsel. Appellant argues that only those days in excess of thirty days are excludable when a defense continuance is granted. *Commonwealth v. Bond,* 268 Pa.Super. 49, 407 A.2d 430 (1979). However, Rule 1100(d)(3)(ii), under which appellant argues his point, has since been amended, effective as to continuances requested on or after January 1, 1982. The amended section (d)(3)(ii) states that there shall be excluded from the 180 day calculations "any continuance granted at the request of the defendant or his attorney." We therefore find this period to have been properly excluded.

In sum, the total excludable days totalled eighty-three, making the run date July 18, 1982. As trial commenced July 7, 1982, we hold appellant's Rule 1100 issue to be meritless.

Judgment of sentence is affirmed.